STATE of Tennessee, Appellee,

v.

**Gene McDonald BROWN, Appellant.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

March 19, 1985.

Herbert S. Moncier, Knoxville, Karen D. Brock, Chattanooga, for appellant.

W.J. Michael Cody, Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., Jerry S. Sloan, Asst. Dist. Atty. Gen., Frank M. Groves, Jr., Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

SCOTT, Judge.

The appellant was charged in a two count indictment with receiving and concealing a stolen credit card. He filed his application for pretrial diversion, attaching to it ten letters from apparently reliable citizens of Knoxville who each attested to his good character. The District Attorney General also required the appellant to complete a lengthy questionnaire and ordered that a pre-sentence report be prepared by a probation officer. Attached to the probation report was a co-called Federal Bureau of Investigation "rap sheet," which listed four prior arrests. The first, on June 12, 1962 in Knoxville was listed as being for "sod." The second was on June 4, 1965 in Knoxville for attempt to commit a felony by forgery. The third was on June 21, 1983 in Knoxville for obtaining money by false pretenses, and the fourth was this charge.

The only disposition listed on the FBI rap sheet related to the attempt to commit a felony charge, which listed "$25 plus costs sus 7–9–65." Further inquiry to the City Court of Knoxville revealed that the docket showed the charge as "attempt to commit a felony—by forged order numbers to school building materials." The judgment shown on the docket was "DISMISSED City $25.00 suspended."

Although the state argues in its brief that "sod" indicates a charge of sodomy, the record does not reveal anything about that particular entry on the rap sheet.

The charge of obtaining money by false pretenses was explained in the questionnaire as growing out of a partnership dispute with the appellant's brother-in-law, who used the charge to attempt to extract money from the appellant. That charge was dismissed when a settlement was reached between the parties to the dispute.

Through his counsel, the appellant also presented his explanation of the charges in this case.

In denying pretrial diversion, the District Attorney General wrote defense counsel as follows:

I have reviewed the letters you sent me regarding your client and have also reviewed the transcript of the preliminary hearing. I have also talked with Mr. Don Shockley who is the husband of the victim in this case. After review of all these matters, including the probation investigation report, which included an FBI Rap Sheet on Mr. Brown, it is our position that he is not eligible under our Pre-Trial Diversion statute. Based upon the foregoing, we would deny Pre-Trial Diversion.

The appellant filed his petition for certiorari and it was considered by the trial judge without hearing any oral proof, but based entirely upon the written record. Arguments of counsel were heard and at that time the Assistant District Attorney General stated that the reasons for denial were as follows:

—taking the position that we deny the pre-trial diversion, I guess for two basic reasons: No. 1 is the fact that Mr. Brown, in filling out our application, did not tell the truth when he spoke of prior arrests. We do have a report from the probation office that indicates prior arrests, and also because of the circumstances of the case. It involves basically a trust type situation. And the underlying factors in the matter, we feel like is sufficient to deny diversion, but for those two reasons.

The appellant's counsel took issue with the state about the substitution of new reasons for denial at the hearing when they had not been previously communicated to counsel. The appellant's defense counsel claimed that any errors in the completion of the questionnaire resulted from the fact that the appellant had never actually been arrested and placed in jail on the previous charges, and because he had advised his client that he need not list anything that occurred more than five years before.

Counsel for the state went on to explain that:

And, of course, Your Honor, we've always taken a position in these diversion matters that before anyone, you know, be seriously considered by us for this pre-trial diversion that they be squeaky clean, and I think it's obvious from all these circumstances that this defendant is not squeaky clean.

The trial judge, after discussing the prior charges, noted:

—and there is also the fact that Mr. Brown did not include all of these things on his information.

The trial judge then went on to hold that there was no abuse of prosecutorial discretion and denied pretrial diversion.

From that denial the appellant has perfected his appeal, presenting two issues. First, he questions whether the trial judge erred in holding that there was no abuse of prosecutorial discretion based upon the "squeaky clean" standard and reliance upon the appellant's prior arrest record when he had no prior disqualifying convictions.

In the second issue, he questions whether it was error to deny pretrial diversion based on an omission in his application concerning the listing of the two arrests that occurred about twenty years before.

TCA § 40–15–105(a)(1) defines who is eligible to enter into a memorandum of understanding for pretrial diversion, as follows:

In cases where the defendant is charged with a misdemeanor or felony and does not have a prior misdemeanor conviction for which a sentence of confinement is served or a prior felony conviction within the five (5) year period after completing

the sentence or probationary program for such prior conviction, and does not have a previous misdemeanor conviction for which a sentence of confinement is served or a previous felony conviction with the exception of a conviction for driving while intoxicated as prohibited by §§ 55–10–401, ...

Although the language of the statute is rather cryptic, it appears that the appellant does, contrary to the District Attorney General's finding, meet the eligibility requirements of the pretrial diversion statute.

The next question is whether the trial judge erred in denying pretrial diversion on a basis other than the one upon which the District Attorney General relied. This Court has held that "all information in possession of the District Attorney General may be relied upon by the State at a certiorari hearing in Criminal Court." The reason is that to hold otherwise would be to promote judicial inefficiency, since the prosecution can, with good cause, always terminate diversion on the basis of new information and resume prosecution. However, this holding did not sanction the acceptance and consideration of evidence by the trial judge that was never submitted to the District Attorney General, since the trial court "considers only whether the District Attorney General abused his discretion in denying diversion." *State v. Sutton*, 668 S.W.2d 678, 680 (Tenn.Cr.App. 1984), citing *State v. Poplar*, 612 S.W.2d 498, 500 (Tenn.Cr.App.1980). In *Poplar*, this Court noted that since the discretion is vested only with the District Attorney General and not with the trial judge, a determination of whether the District Attorney General abused his discretion could only be determined by considering what evidence was before him "when he considered the application for diversion." *Id.*

It has been suggested by one law review commentator that there are three reasons why a written explanation for the reasons for denial of an application for pretrial diversion should be given. First, the statement would compel the prosecutor to think about and justify his denial in terms of the applicable standards. Second, the statement of reasons would define the area of controversy at the evidentiary hearing. Finally, the statement of reasons would restrict the prosecutor to a particular rationale and insure that the prosecutor would offer no new reasons at the evidentiary hearing. Feldman, *Tennessee Pretrial Diversion Act: A Practitioner's Guide*, 13 Memphis St.U.L.Rev. 285, 302, n. 106 (1983).

This Court's holding in *Poplar* leads to the conclusion that the suggestion by the law review commentator is the correct course. As noted in *Poplar*, the relevant question for the trial judge is not whether he thinks the applicant is entitled to pretrial diversion, but whether the District Attorney General abused his discretion. The relevant evidence is that which was before the District Attorney General when he considered the application for diversion.

 In this case, all of the evidence about which this controversy swirls was before the District Attorney General at the time he considered the appellant's application for pretrial diversion. The only reason that he assigned for denial was his erroneous conclusion that the appellant was ineligible under the statute. Thus, we hold that, not only is the trial judge to confine his consideration to the evidence considered by the District Attorney General at the time he considered the application, but that he must also confine his review to the reason or reasons given by the District Attorney General at that time. Fairness demands that the defendant know what allegations he must meet when he comes before the trial judge on his application. Furthermore, the state has the resources to fully investigate the applicant's background prior to the determination to grant or deny diversion.

Applying that standard, it is clear that the District Attorney General abused his discretion in denying pretrial diversion to this appellant for the reason given. The trial judge was in error by finding other reasons to affirm the action of the District

Attorney General. Having so found, it is not necessary for us to determine whether the omission in his application was a sufficient basis for denial of diversion or to determine whether the "squeaky clean" standard is legally acceptable.

The judgment is reversed and the cause is remanded with instructions to the trial judge to direct the District Attorney General to enter into a memorandum of understanding placing the appellant on pretrial diversion upon such terms and conditions as may be agreed upon between the appellant and the District Attorney General.

DUNCAN and DAUGHTREY, JJ., concur.