IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 26, 2000 Session

## STATE OF TENNESSEE v. ROBBIE CARRIGER

**Appeal from the Criminal Court for Carter County**
**No. S14447     Robert E. Cupp, Judge**

---

**No. E2000-00823-CCA-R3-CD**
**December 20, 2000**

---

The state challenges the trial court's order placing the defendant, Robbie Carriger, on pretrial diversion based upon its finding that the prosecutor abused his discretion for failing to consider all the factors relevant to pretrial diversion in his written response denying diversion. The state contends that the trial court erred in refusing to consider the prosecutor's amended response to the application for pretrial diversion. We hold that the trial court properly refused to consider the prosecutor's amended response, but we reverse the trial court's automatic grant of pretrial diversion and remand the case for the trial court to consider the defendant's entitlement to pretrial diversion in light of the relevant factors.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part, Reversed in Part, and Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; and Joe C. Crumley, Jr., District Attorney General, for the appellant, State of Tennessee.

Rowland E. Verran, Johnson City, Tennessee, attorney for the appellee, Robbie Carriger.

### OPINION

The state appeals as of right from the Carter County Criminal Court's order placing the defendant, Robbie Carriger,[1] on pretrial diversion for his charge of statutory rape, a Class E felony. Upon the defendant's petition for a writ of certiorari, the trial court found that the prosecutor had

---

[1]We note that the defendant's name appears as Robert Allen Carriger on the briefs and various documents in the record, but it is this court's policy to use the defendant's name as it appears on the presentment, absent any amendment in the record.

abused his discretion in his denial of the defendant's application for pretrial diversion by failing to consider all of the factors set forth in State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). It also found that Curry prevented the court's consideration of the state's amended response to the defendant's application for pretrial diversion, and it ordered diversion. The state contends that the trial court should have considered its amended response before determining that the prosecutor abused his discretion. We hold that the trial court properly refused to consider the state's amended response and affirm its finding of abuse of discretion based upon the prosecutor's failure to consider all the factors. We reverse the trial court's automatic grant of diversion upon finding an abuse of discretion and remand the case for the trial court to make findings and a determination of whether the defendant is entitled to pretrial diversion in light of the relevant factors.

The defendant was charged with statutory rape, occurring when he was forty years old and the victim was fifteen. This conduct resulted in the birth of a child to the victim. The defendant requested pretrial diversion, alleging that he and the victim wished to marry but that her parents would not give their consent. He asserted that he was willing to support the child until he and the victim could marry once she turned eighteen. The defendant's application for pretrial diversion stated that he graduated from high school, was twice divorced, and had a disability resulting from surgery on his shoulder in 1995. It listed his nerves, loss of sleep, and a spur on his heel as other medical problems. It related that since August 1996, he had worked as a crew chief for the City of Elizabethton's Waste Water Department, earning $8.20 an hour. He had previously worked as a machine operator for Shaw Industries from 1992 or 1993 through May 1995, as a supervisor at Specialty Produce for an undisclosed time, and with Mor-Flo Industries from 1978 to 1988. The defendant reported leaving Shaw Industries to return to Elizabethton from South Pittsburg, Tennessee. He said that he left the other two jobs because they required too many work hours. He reported that he attended Pinecrest Christian Church in Johnson City, Tennessee. He admitted that he was arrested for public intoxication as a juvenile in 1974.

The Board of Probation and Parole's Investigation Report reveals that the defendant earned his certification in water and wastewater operation in February 1998. It relates that the defendant reported that he first used alcohol as a teenager but has no problems with alcohol. He stated that he experimented with marijuana as a teenager but has not used it since that time. The defendant does not have any children from his previous marriages, and he lives alone in his own trailer. The defendant reported that his relationship with the victim grew over two years, during which they were good friends, talked a lot, and played basketball. He stated that the victim telephoned him daily and wrote him letters. He denied that they had a physical relationship during this time. In the victim impact statement included in the report, the victim stated that she wanted to marry the defendant, that she and the defendant loved each other, and that she did not think the defendant should be punished because he had not committed a crime. The victim stated that she felt stress because her parents would not allow her to see or speak with the defendant.

The state submitted a written response denying the defendant's application for pretrial diversion based upon the circumstances of the case and the need for deterrence. The prosecutor found the circumstances of the case, a forty-year-old man seducing a fifteen-year-old girl, to be

especially shocking and reprehensible. The prosecutor determined that if the defendant had truly cared about the victim, he would not have impregnated her; that if returned to the community, the defendant would likely find another victim to satisfy his sexual desires; and that the grant of pretrial diversion in this case would do nothing to deter others bent upon committing statutory rape.

The defendant petitioned the trial court for a writ of certiorari to review the prosecutor's denial of pretrial diversion. Citing State v. Curry, 988 S.W.2d 153 (Tenn. 1999), the defendant contended that the prosecutor abused his discretion in basing the denial of diversion upon the circumstances of the offense and deterrence without considering all of the relevant factors, including his lack of a criminal record and his favorable social history, and without stating why the seriousness of the offense and deterrence outweighed all other factors. He further argued that the record contained no factual basis to support the prosecutor's determination that he is not a suitable candidate for rehabilitation; that the offense was especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive degree; or that he would re-offend if placed on pretrial diversion. The defendant pointed to the victim impact statement in which the victim stated that she planned to marry him when she turned eighteen and that she did not want him to be punished because she did not believe that he had committed a crime. He claimed that his lack of a criminal record and his favorable social and work history reveal his amenability to rehabilitation.

Before the trial court ruled upon the certiorari petition, the state filed an amended response to the defendant's application for pretrial diversion. In its amended response, the state thoroughly discussed the factors relevant to pretrial diversion, listed the evidence both favorable and unfavorable to the defendant, and found that the unfavorable factors outweighed the favorable factors in both number and import. The defendant filed a response to the state's amended response, claiming that many of the state's allegations were not documented by evidence in the file and disagreeing with the state's interpretation of some of the evidence.

The trial court concluded that the prosecutor's initial response based solely upon the circumstances of the case and deterrence constituted an abuse of discretion under Curry because the prosecutor failed to consider all of the relevant factors. For this reason, it ordered that the defendant be placed on pretrial diversion. The court concluded that Curry prevented it from considering the state's amended response.

The state contends that the trial court should have considered its amended response to the defendant's application for pretrial diversion. It argues that the amended response furthers the intent of Curry that prosecutors make conscientious and readily reviewable decisions in evaluating pretrial diversion applications. It maintains that permitting an amended response will not surprise a defendant with new evidence because the defendant can respond to the amended response, as the defendant did in this case, and can also request an evidentiary hearing to clarify any factual disputes. Finally, it argues that allowing an amended response advances the policies that underlie the requirement of a written response because it further shows that the prosecutor thought about and justified the denial in terms of the relevant factors, it defines the area of controversy, and it narrows the issues and restricts the state's evidence at any future evidentiary hearing.

The defendant contends that Curry, which reaffirmed the relevant factors that the prosecutor must consider, was the applicable law when he requested pretrial diversion and had been in effect for six months at the time the state filed its initial response. He argues that once a defendant files a petition for certiorari, the state is foreclosed from amending its denial and the defendant is entitled to judicial review of the prosecutor's initial decision. He claims that the prosecutor cannot introduce new evidence after making his or her diversion record and that the trial court may only consider that evidence which has been considered by the prosecutor. He argues that the state's amended response is an impermissible attempt to fill in the gaps in the first, inadequate response.

The decision to grant or deny an application for pretrial diversion is within the discretion of the prosecuting attorney. Tenn. Code Ann. § 40-15-105; Curry, 988 S.W.2d at 157. In making this determination, the prosecutor should

> focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

Curry, 988 S.W.2d at 157 (quoting State v. Pinkham, 955 S.W.2d 956, 959-60 (Tenn. 1997) and State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)). The prosecutor's response must be in writing, must list the evidence considered, and must point out any factual discrepancies between the evidence upon which the prosecutor relied and that presented in the defendant's application. Curry, 988 S.W.2d at 157. The response must discuss the factors considered by the prosecutor and the weight given to each factor. Id. "That a defendant, obviously, bears the burden of demonstrating suitability for diversion does not relieve the prosecutor's obligation to examine all of the relevant factors and to set forth the required findings." Id.

If the prosecutor denies the application for pretrial diversion, the defendant has the right to petition the trial court for a writ of certiorari alleging that the prosecutor has abused his or her discretion. Tenn. Code Ann. § 40-35-105(b)(3). The decision of the prosecutor to grant or deny pretrial diversion is presumptively correct and will not be set aside absent an abuse of discretion. Curry, 988 S.W.2d at 158; Hammersley, 650 S.W.2d at 356. In reviewing the prosecutor's denial of pretrial diversion, the trial court may consider only that evidence considered by the prosecutor. Curry, 988 S.W.2d at 158. In order to hold that an abuse of discretion occurred, the trial court must find that the record lacks substantial evidence supporting the prosecutor's determination. Id.

On appeal, the trial court's factual determinations will be overturned only if the evidence preponderates against them. State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993); State v. Helms, 720 S.W.2d 474, 476 (Tenn. Crim. App. 1986). In Curry, our supreme court applied the

preponderance of the evidence standard to the review of the trial court's decision regarding the prosecutor's abuse of discretion, rather than limiting this standard to the trial court's factual findings. Curry, 988 S.W.2d at 158 (citing Pinkham, 955 S.W.2d at 960). Respectfully, the trial court's determination that the prosecutor has or has not abused his or her discretion is a legal conclusion, not binding upon the appellate court. See Carr, 861 S.W.2d at 856; see, e.g., Hammersley, 650 S.W.2d at 356 (holding that the record must be devoid of any substantial evidence to support the denial of pretrial diversion for a reviewing court to find an abuse of discretion and applying this standard to hold that the prosecutor's denial of diversion based solely upon deterrence was an abuse of discretion). When the facts are undisputed, the underlying issue that this court must determine on appeal remains whether, as a matter of law, the prosecutor abused his or her discretion in denying pretrial diversion. See Carr, 861 S.W.2d at 856; State v. Brooks, 943 S.W.2d 411, 413 (Tenn. Crim. App. 1997); State v. Morgan, 934 S.W.2d 77, 82 (Tenn. Crim. App. 1996); see also State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995) (limiting the appellate court's role to determining whether any substantial evidence supports the prosecutor's denial of pretrial diversion in light of the relevant factors); Helms, 720 S.W.2d at 476 (reversing the trial court's finding of abuse of discretion because the facts were undisputed and substantial evidence in the record supported the prosecutor's denial of pretrial diversion).

The statute authorizing pretrial diversion and the filing of a petition for writ of certiorari makes no provision for the filing of an amended response to the denial of diversion. See Tenn. Code Ann. § 40-35-15. We begin by noting the uniqueness of certiorari review: "Certiorari is a procedural vehicle which has enjoyed an extremely long life. It functions properly when a court uses it to review a proceeding to determine whether there were any irregularities." State v. Winsett, 882 S.W.2d 806, 809 (Tenn. Crim. App. 1993) (citing Black's Law Dictionary, 228 (6th ed. 1990)). As such, it is an inappropriate procedure for considering new or additional evidence. See id.; State v. Poplar, 612 S.W.2d 498, 500 (Tenn. Crim. App. 1980) (recognizing that because the pretrial diversion statute permits the defendant to seek certiorari review, the trial court should consider only that evidence considered by the prosecutor when determining whether to grant diversion), abandoned on other grounds by State v. Neese, 713 S.W.2d 90, 91 (Tenn. Crim. App. 1986). Thus, as stated above, in reviewing a petition for certiorari arising from the denial of pretrial diversion, the trial court may consider only that evidence considered by the prosecutor in evaluating the defendant's application for diversion. See Curry, 988 S.W.2d at 158; Winsett, 882 S.W.2d at 810; State v. Brown, 700 S.W.2d 568, 570 (Tenn. Crim. App. 1985).

In the past, this court has permitted prosecutors to supplement their denial of pretrial diversion with additional reasons in the interest of judicial economy. See State v. Sutton, 668 S.W.2d 678, 680 (Tenn. Crim. App. 1984). In Sutton, the prosecutor denied diversion orally. After the defendant filed a petition for certiorari but before the hearing and at the trial court's request, the state filed a supplemental pleading, setting forth its reasons for denying diversion more specifically than those provided in its answer to the petition. The defendant argued that the state developed the evidence upon which it relied in the supplemental pleading after its initial denial of diversion. The court held that

all information in possession of the District Attorney General may be relied upon by the State at the certiorari hearing in Criminal Court. We agree with the state that to hold otherwise would be to promote judicial inefficiency since the prosecution can, with good cause, always terminate diversion, on the basis of new information, and resume prosecution pursuant to T.C.A. § 40-15-105(d). This is not to say that evidence may be accepted and considered by the trial judge that has never been submitted to the District Attorney General since the court considers only whether the District Attorney General abused his discretion in denying diversion.

Id. (citing Poplar, 612 S.W.2d at 500). Consistent with Sutton, this court has continued to exclude evidence that was never submitted to the prosecutor. See State v. Shaun Matthew Dinwiddie, No. 01C01-9809-CC-00268, slip op. at 8 (Tenn. Crim. App. Apr. 21, 1999) (holding that by considering supportive letters from the defendant's family and testimony of the defendant's remorse, the trial court "improperly exceeded the scope of certiorari review by entertaining evidence not considered by the district attorney general").

In State v. Brown, 700 S.W.2d 568 (Tenn. Crim. App. 1985), the court turned from its holding in Sutton. In Brown, the prosecutor provided a written denial of pretrial diversion, which stated that the defendant was not eligible under the statute. At the certiorari hearing, the prosecutor argued that the denial was based upon the circumstances of the case and the defendant's failure to mention prior arrests in the application. The defendant challenged the prosecutor's substitution of new reasons at the hearing. Citing Poplar, 612 S.W.2d at 500, the court held that in reviewing the denial of pretrial diversion for an abuse of discretion, the trial court could only consider that evidence before the prosecutor at the time he evaluated the diversion application. Brown, 700 S.W.2d at 570. The court noted the reasons behind requiring a written response to the diversion application:

"First, the statement would compel the prosecutor to think about and justify his denial in terms of the applicable standards. Second, the statement of reasons would define the area of controversy at the evidentiary hearing. Finally, the statement of reasons would restrict the prosecutor to a particular rationale and insure that the prosecutor would offer no new reasons at the evidentiary hearing."

Id. (quoting Steven W. Feldman, Tennessee Pretrial Diversion Act: A Practitioner's Guide, 13 Memphis St. U. L. Rev. 285, 302 n.106 (1983)); see also Curry, 988 S.W.2d at 157. Based upon the importance of the written response, the court restricted the trial court's certiorari review to the evidence that the prosecutor had before him at the time of denial and to the reasons given by the prosecutor at the time he or she denied the application:

Thus, we hold that, not only is the trial judge to confine his consideration to the evidence considered by the District Attorney General at the time he considered the application, but that he must also confine his review to the reason or reasons given by the District Attorney General at that time. Fairness demands that the defendant

know what allegations he must meet when he comes before the trial judge on his application. Furthermore, the state has the resources to fully investigate the applicant's background prior to the determination to grant or deny diversion.

Brown, 700 S.W.2d at 570.

In State v. David George, No. 37, Shelby County (Tenn. Crim. App. Nov. 16, 1988), app. denied (Tenn. May 8, 1989), this court applied Brown to hold that the trial court erred in considering the prosecutor's affidavit, which provided additional reasons for denying diversion and which was filed after the defendant petitioned for certiorari but before the certiorari hearing. When "the District Attorney refuses to enter into a memorandum of understanding and commits his reasons to writing, he cannot shift to a later stance after the writ of certiorari has been issued." David George, slip op. at 3 (determining that prosecutor's reasoning in initial memorandum was an abuse of discretion).

More recently, in Curry, our supreme court held that this court erred in remanding the case to the trial court for an evidentiary hearing to allow the prosecutor to testify to the other factors considered in the denial of pretrial diversion but not enumerated in the written denial. 988 S.W.2d at 159-60. The court reasoned that this procedure

> decreases the importance of the written response and increases the risk that new reasons or considerations will be introduced during the hearing without notice to the defendant. Second, the standard of review governing certiorari proceedings require the trial court to consider only that which has already been considered by the prosecutor. See Winsett, 882 S.W.2d at 809 (evidence considered at hearing exceeded certiorari review). Accordingly, . . . an evidentiary hearing may be held only to clarify factual disputes in the record, and may not be held to allow the prosecutor to discuss new or additional considerations regarding the denial of diversion.

Id. at 160. In State v. Norman Jeffery Pipkin, No. W1998-02738-CCA-RM-CD, Hardeman County (Tenn. Crim. App. May 24, 2000), this court held that the prosecutor abused her discretion by failing to state in the written denial why the circumstances of the offenses outweighed the other relevant factors and to relate the facts favorable to the defendant. The court recognized that in the wake of Curry, no opportunity exists for a remand to inquire into deficiencies in the prosecutor's written response: "Because the opinion in Curry requires that the district attorney must not leave 'gaps' in providing the written response to the application for diversion, and because there can be no remand for inquiry into those 'gaps,' the judgement of the trial court must be reversed . . . ." Norman Jeffery Pipkin, slip op. at 8.

Our review of these cases brings us to the firm conclusion that while the case is on certiorari review, the prosecutor may not amend his or her written response to the diversion application for the purpose of adding reasons upon which denial is based, which were available to the prosecutor at the time of the original denial. The state argues that an amended response will not take the defendant

by surprise because it is a written document, which the defendant may contest and the trial court may review. Yet because an amended response requires the defendant and the court to look beyond the prosecutor's initial written denial of diversion to find the complete basis for denial, it changes the basis for denial that the defendant must contest and decreases the importance of the initial written denial. As such, it violates the precepts of Curry and Brown.

We note, though, that Tennessee courts have previously remanded cases for the prosecutor to reconsider the diversion application in light of new legal standards. See Winsett, 882 S.W.2d at 809-10 (clarifying the procedures for the consideration and review of pretrial diversion applications and remanding for the petitioner to file a new pretrial diversion application); State v. Damon Byrd, No. 01C01-9707-CR-00248, Davidson County, slip op. at 2 (Tenn. Crim. App. Sept. 22, 1998), app. denied (Tenn. Mar. 8, 1999) (noting that the supreme court remanded the case to the prosecutor for further consideration of the pretrial diversion application in relation to the factors set forth in State v. Washington, 866 S.W.2d 950 (Tenn. 1993)); State v. Spencer Barrett Minch, No. 66, Shelby County, slip op. at 5 (Tenn. Crim. App. Nov. 29, 1989) (remanding the case for the petitioners to reapply for pretrial diversion and the prosecutor to consider the applications using the procedures set forth in State v. Herron, 767 S.W.2d 151 (Tenn. 1989)). Also, a change in the circumstances of the defendant may merit a remand to the prosecutor. See State v. Darla Young Mayo, No. 01C01-9208-CC-00261, Dekalb County, slip op. at 7-8 (Tenn. Crim. App. Nov. 18, 1993) (remanding the case to the trial court for the prosecutor to reconsider diversion "under the circumstances presently existing" when the defendant had acquired a job and moved from the housing project at which the drug offenses occurred and neither the prosecutor nor the trial court indicated how the defendant's favorable factors weighed in relation to the negative factors). Finally, the courts will not sanction an absurd result by prohibiting the consideration of evidence which was discovered by the prosecutor after the defendant petitioned for certiorari despite the prosecutor's good faith efforts and which clearly shows that the defendant is ineligible or is not entitled to diversion. In this respect, we recognize that circumstances may exist under which a prosecutor may seek or a trial court may order a remand of the diversion application. However, this case does not fall within the circumstances that merit such a remand.

The defendant contends that the prosecutor's abuse of discretion in failing to consider all of the factors relevant to pretrial diversion, without more, entitles him to pretrial diversion. A panel of this court recently rejected this contention in a split decision in State v. Johnnie Bell, Jr., No. E1999-00819-CCA-R9-CD, Sullivan County (Tenn. Crim. App. Nov. 27, 2000). We adopt the reasoning of the majority opinion in Johnnie Bell, Jr. and apply it as follows.

In Curry, our supreme court held that the prosecutor's failure to enumerate and consider all of the relevant factors constituted an abuse of discretion, and it reinstated the trial court's grant of pretrial diversion. Curry, 988 S.W.2d at 159-60. Justice Holder, dissenting, warned that the majority's holding would allow defendants to avoid prosecution based solely upon the procedural omissions of the prosecutor:

-8-

> I question whether the legislature intended that a criminal committing a series of serious, sustained, planned, and deceptive crimes over a two-year period of time automatically be granted diversion merely because a district attorney failed to employ a preferred term in the letter denying diversion. The majority's holding could effectively allow defendants committing serious offenses . . . to avoid prosecution merely because a district attorney commits a non-prejudicial omission affecting neither a constitutional nor a statutory right.

Id. at 163. In this case, the defendant argues that the prosecutor's abuse of discretion requires an order granting pretrial diversion. However, we note that in response to Justice Holder's dissent, the majority in Curry reviewed and approved the merits of the defendant's request for diversion. Id. at 159. This indicates that the defendant must show entitlement to diversion even if an abuse of discretion exists.

Also, we do not believe that Tenn. Code Ann. § 40-15-105 or prior Tennessee decisions support the defendant's argument. Section 40-15-105(b)(3) provides in pertinent part: "If the trial court finds that the prosecuting attorney has committed an abuse of discretion in failing to divert, the trial court may order the prosecuting attorney to place the defendant in a diversion status on such terms and conditions as the trial court may order." (Emphasis added). In interpreting a statute, our role is to give effect to the legislature's intent when enacting the statute. Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). When a statute is unambiguous, the court should enforce the statute as written, without resorting to auxiliary rules of construction. Browder v. Morris, 975 S.W.2d 308, 311 (Tenn. 1998). "Unambiguous statutes must be construed to mean what they say." Robertson v. University of Tennessee, 912 S.W.2d 746, 747 (Tenn. 1995) (citation omitted). The plain meaning of the term "may" necessarily implies discretion. The use of "may" in § 40-15-105(b)(3) reveals that the trial court is not required to order pretrial diversion upon finding that the prosecutor has abused his or her discretion.

The legislature has vested the authority to prosecute a case or to divert it with the prosecutor rather than the court. Carr, 861 S.W.2d at 858; see Tenn. Code Ann. § 40-15-105. The trial court may not merely substitute its own judgment for that of the prosecutor but, instead, must "defer to the prosecutor's discretion when the record contains any substantial evidence to support the decision." Id. In reviewing the prosecutor's denial of diversion, the trial court must look at all the relevant factors to determine whether the prosecutor considered them, and if he or she did not, to determine whether pretrial diversion is appropriate. Herron, 767 S.W.2d at 156; Carr, 861 S.W.2d at 858. Essentially, Herron provides that in reviewing whether the prosecutor has abused his or her discretion regarding whether diversion should be granted, the trial court must undertake the same process required of the prosecutor in considering and weighing the relevant factors. In this respect, the trial court may consider only the record that was before the prosecutor. See Curry, 988 S.W.2d at 157 (holding that in reviewing the denial of diversion, the trial court is limited to the evidence considered by the prosecutor). Because the trial court is limited to the record considered by the prosecutor, the trial court will not surprise the defendant by basing its determination upon new reasons not in the record. In turn, this court will defer to the trial court's determination unless it is

not supported by substantial evidence in the record. In other words, we review the trial court's determination regarding the defendant's entitlement to diversion for an abuse of discretion.

To the extent that this procedure gives some measure of discretion over the decision of whether to divert to the trial court, it is the legislature that gave the trial court that discretion by employing the term "may" in section 40-15-105(b)(3) as discussed above. Furthermore, the grant of discretion to the trial court is wholly appropriate:

> Diversion may not be regarded as a mere extension of the charging process. It does not come into play until after the indictment. The plan of diversion, or the denial thereof, <u>follows</u> indictment and comes after the prosecutor has fully discharged all discretionary functions and after the prosecutorial die has been cast. Once committed to prosecution, the case is <u>before the court</u> for disposition. The process, at this stage, becomes fundamentally judicial and must end in a verdict, a <u>nolle</u> [prosequi,] or pretrial diversion.
>
> . . . . [T]he jurisdiction of the court has been invoked by indictment and disposition becomes a judicial responsibility.

<u>Pace v. State</u>, 566 S.W.2d 861, 870 (Tenn. 1978) (Henry, C.J., concurring) (footnote omitted). Finally, the alternative – the automatic grant of pretrial diversion upon a finding that the prosecutor has abused his or her discretion – could result in the award of pretrial diversion for a wholly undeserving, yet "eligible," applicant. <u>Curry</u>, 988 S.W.2d at 163 (Holder, J., dissenting) (warning that an automatic grant of pretrial diversion based upon a procedural error by the prosecutor could result in diversion for "defendants committing serious offenses such as manslaughter, kidnapping, and vehicular homicide"). Such a reflexive award of pretrial diversion belies the fact that pretrial diversion is a legislative largess granted only to those who can show their entitlement. <u>Cf.</u> <u>Curry</u>, 988 S.W.2d at 158 (holding that the "facts and circumstances of nearly all criminal offenses are by definition serious; only by analyzing all of the relevant factors, including those favorable to the defendant, can appropriate candidates for this legislative largess be identified in a manner consistent with the purpose of the pretrial diversion act").

Based upon the foregoing and the record as a whole, we affirm the trial court's conclusion that the prosecutor abused his discretion in failing to consider all of the relevant factors. We also affirm the trial court's refusal to consider the state's amended response. However, because the trial court failed to undertake the weighing process required by <u>Herron</u>, we reverse the grant of diversion and remand the case for the trial court to consider and weigh the relevant factors in relation to the defendant's entitlement to pretrial diversion.

_____
JOSEPH M. TIPTON, JUDGE