# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 2, 2001

## STATE OF TENNESSEE v. TONY WILLIAMS

**Interlocutory Appeal from the Criminal Court for Shelby County**
**No. 00-06333-35      Bernie Weinman, Judge**

---

**No. W2001-00788-CCA-R9-CD - Filed November 21, 2001**

---

The defendant, Tony Williams, appeals the trial court's denial of pretrial diversion after a petition for certiorari from the decision of the district attorney. In this discretionary appeal under Rule 9 of the Tennessee Rules of Appellate Procedure, the single issue presented for review is whether the denial of pretrial diversion qualified as an abuse of prosecutorial discretion. The judgment denying relief is affirmed.

**Tenn. R. App. P. 9; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Jerome C. Payne, Memphis, Tennessee, for the appellant, Tony Williams.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and John Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, an employee of Pretrial Services in Shelby County, was indicted for soliciting monies from inmates in the Shelby County Jail in exchange for assistance in lowering the amounts of their bail:

> A public servant commits an offense who, with intent to obtain a benefit or to harm another, intentionally or knowingly:
>
> (1) Commits an act relating to the servant's office or employment that constitutes an unauthorized exercise of official power . . . .

Tenn. Code Ann. § 39-16-402(a)(1).

An indictment also issued against the defendant for bribery for accepting "a pecuniary benefit from Kadrian Davis upon an understanding that [the defendant's] action as a public servant would thereby be influenced." The applicable statute is as follows:

> A person commits an offense who:
>
> * * *
>
> (2) While a public servant, solicits, accepts or agrees to accept any pecuniary benefit upon an agreement or understanding that the public servant's vote, opinion, judgment, exercise of discretion or other action as a public servant will thereby be influenced.

Tenn. Code Ann. § 39-16-102(a)(2).

The defendant allegedly committed the crimes between September 1, 1999, and February 1, 2000.

The district attorney general denied an application for pretrial diversion because the crime was "systemic in nature," extending over a six-month period; because the defendant misused the criminal justice system by setting bonds based upon the amount of money he personally received; because the defendant violated public trust by using his authority to set bonds in misdemeanor cases and certain of the felony cases; because the defendant exposed members of the public to potential danger and risk; and because prosecution of the crimes would have a deterrent effect. While conceding that the defendant had no prior criminal record and was a college graduate, the district attorney general also observed that the defendant was unemployed and had a poor work history.

In his petition for certiorari, the defendant challenged each of the reasons for denial, explaining that his job opportunities were limited because of his frequent court appearances relating to these charges; that the duration of his criminal conduct was only three months instead of six; that his conduct in pretrial services was subject to review by a supervisor and did not include absolute authority to set bail in either misdemeanors or felonies; and that there was no basis for the conclusion that prosecution would have a deterrent effect. The defendant submitted that the grant of diversion would afford supervisory authority over the defendant's future conduct. While admitting that he violated a position of public trust, the defendant claimed that denial based upon the nature of the offense would qualify as an abuse of discretion.

The trial court affirmed the decision made by the district attorney general and denied the petition for a writ of certiorari. After considering both the contents of the petition and the reasons furnished by the district attorney general for the denial of diversion, the trial court concluded that whether the misconduct lasted three or six months or whether the defendant himself set bail or furnished the information for others to do so was "of little consequence" on the issue of pretrial diversion:

This type of conduct if perceived by the public went unpunished, the entire criminal justice system would be damaged. Not only would public trust in the system be diminished but the message sent to the inmates who paid bribes would be devastating to the system of justice. It would appear from the record that the district attorney general considered all of the relevant factors concerning the defendant's suitability for pretrial diversion including the defendant's social history, the circumstances of the offense, and what effect the granting of diversion would have on deterring this type crime.

In this appeal, the defendant insists that the district attorney general failed to consider all relevant factors and concentrated primarily upon the circumstances of the offense. The defendant complains that the district attorney general failed to give appropriate weight to his lack of criminal history and his college diploma.

Pretrial diversion authorizes a district attorney general to suspend prosecution against a qualified defendant for a period of up to two years. Tenn. Code Ann. § 40-15-105(a)(1)(A). A defendant who is statutorily eligible for pretrial diversion is not presumptively entitled to the program. Whether a qualified defendant receives a grant of pretrial diversion is discretionary with the district attorney. State v. Hammersley, 650 S.W.2d 352, 353 (Tenn. 1983); State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993).

In making the initial determination upon a request for diversion, the district attorney general should consider (1) the circumstances of the offense; (2) the defendant's criminal record; (3) the defendant's social history; (4) the defendant's physical and mental condition; (5) the deterrent effect of punishment upon other criminal activity; (6) the defendant's amenability to correction; (7) the likelihood that pretrial diversion will serve the ends of justice and the best interests of the defendant and the public; and (8) the defendant's "'attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility and attitude of law enforcement.'" State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting State v. Markham, 755 S.W.2d 850, 852-53 (Tenn. Crim. App. 1988)).

A denial of pretrial diversion must be in writing and must include "an enumeration of the evidence that was considered and a discussion of the factors considered and weight afforded each." State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997). In State v. Brown, this court provided three reasons for requiring a written response:

First, the statement would compel the prosecutor to think about and justify his denial in terms of the applicable standards. Second, the statement of reasons would define the area of controversy at the evidentiary hearing. Finally, the statement of reasons would restrict the prosecutor to a particular rationale and insure that the prosecutor would offer no new reasons at the evidentiary hearing.

700 S.W.2d 568, 570 (Tenn. Crim. App. 1985). There must be "more than an abstract statement in the record that the district attorney general has considered these factors." State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989). The factors considered "must be clearly articulable and stated in the record . . . ." Id. While the defendant has the burden of demonstrating his suitability for diversion, that does not relieve the district attorney of the obligation to examine all relevant factors. Id. In State v. Curry, 988 S.W.2d 153, 158 (Tenn. 1999), involving the embezzlement of $27,000.00 by a city clerk, our supreme court observed that while the circumstances of the offense and the need for deterrence may alone justify denial of diversion, that is so only if all the relevant factors have been considered as well.

The district attorney should identify any areas of factual dispute. Brown, 700 S.W.2d at 570. The circumstances of the case and the generalized need for deterrence, when relied upon by the district attorney, "cannot be given controlling weight unless they are 'of such overwhelming significance that they [necessarily] outweigh all other factors.'" Washington, 866 S.W.2d at 951 (quoting Markham, 755 S.W.2d at 853) (emphasis in original). Where there are no "such exceptional circumstances, 'the district attorney general must consider evidence which tends to show that the applicant is amenable to correction [by diversion] and is not likely to commit further criminal acts.'" Id. (quoting Markham, 755 S.W.2d at 853). "The decision of a district attorney general granting or denying pretrial diversion to an accused is said to be 'presumptively correct'; and the decision should not be set aside unless there has been a 'patent or gross abuse of prosecutorial discretion.'" State v. Perry, 882 S.W.2d 357, 360 (Tenn. Crim. App. 1994) (quoting Pace v. State, 566 S.W.2d 861, 870 (Tenn. 1978)).

When an application for pretrial diversion has been denied by the district attorney, the defendant may appeal to the trial court for a writ of certiorari. Tenn. Code Ann. § 40-15-105(b)(3). The trial court may only consider the evidence considered by the district attorney general. State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993). After first determining whether the defendant is eligible for diversion, the trial court may conduct a hearing to resolve any factual disputes between the state and the defense but may not hear evidence not considered by the district attorney. Pinkham, 955 S.W.2d at 960.

In order for the trial court to grant relief to the defendant, the record must show an absence of any substantial evidence to support the denial of pretrial diversion by the district attorney. Our scope of review is limited to whether the evidence preponderates against the finding of the trial court, which has held that the district attorney did not abuse his discretion. Id.; State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993).

Initially, the crimes alleged against the defendant would not disqualify him from a pretrial diversion program. See Tenn. Code Ann. § 40-15-105. Yet the circumstances of the charged crimes were particularly bothersome to the district attorney because they were committed within a criminal justice system designed to assure the confidence of the public. The record demonstrates that the district attorney examined relevant factors, including the two factors weighing most heavily in favor of the grant of diversion, and articulated why the particular nature of these offenses and the deterrent

value of prosecution outweighed those favorable factors. See State v. Fields, 40 S.W.3d 450 (Tenn. 2001); State v. Hooper, 29 S.W.3d 1, 10 (Tenn. 2000).

The allegations by the state are that the defendant committed the crimes over a period of time extending from three to six months. A public official employed in the Pretrial Services for Shelby County, the defendant allegedly had the authority in certain instances to establish the amount of bail for the release of jail inmates and solicited payment in exchange for the reduction of bail. The district attorney considered the appropriate factors: the nature of the offense, the defendant's lack of a prior criminal record, the defendant's social history, the deterrent effect on other criminal activity, the defendant's amenability to correction, the interests of the defendant and the state, and other factors, including the defendant's employment record before and after the arrest.

In our view, all factors except for the duration and nature of the offenses, the need for deterrence, the interests of the state, and, to a limited degree, employment history, weigh in favor of the grant of pretrial diversion. In this instance, however, the defendant, entrusted with the difficult responsibility of assisting in the establishment of conditions for pretrial release of inmates, allegedly misused his authority for purposes of profit. Corruption of this kind does, in fact, discredit the criminal justice system, which is entirely dependent upon the continuing integrity of those who have earned the right to participate in the process. The burden of responsibility is particularly onerous upon those involved in this area of criminal justice. The public trust is at issue. It is difficult to exaggerate the potential risks and consequences of the misuse of that trust. Cf. State v. Kissinger, 922 S.W.2d 482 (Tenn. 1996).

Here, the defendant stands accused of placing a price on freedom from incarceration and communicating to jail inmates his willingness to compromise the criminal justice system. This is one of those rare occasions when general deterrence for similar crimes is an appropriate circumstance. There is no particular evidence suggesting these crimes are more prevalent in Shelby County than others areas of the state. Yet it is our view that prosecution in this instance is particularly suitable. The honesty of personnel within the criminal justice system is essential to public safety.

The nature of the charged crimes, the public interest in the preservation of the integrity of the courts and their processes, and the deterrent value of the prosecution of a public employee entrusted with critical duties within the criminal justice system, when weighed against favorable factors to the defense, support the denial of diversion. The evidence does not preponderate against the trial court's conclusion that the district attorney did not abuse his discretionary authority.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-5-