# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs October 26, 2010

## STATE OF TENNESSEE v. HEATHER RICHARDSON

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 63788     David Bragg, Judge**

---

**No. M2010-01360-CCA-R3-CD - Filed January 25, 2011**

---

In this interlocutory appeal, the Appellant, Heather Richardson, appeals the Rutherford County Circuit Court's order denying her relief from the prosecutor's denial of her application for pretrial diversion. The State concedes that the district attorney general abused his discretion in denying the application. Upon review, we reverse the circuit court's order and remand for the trial court to order the prosecutor to grant the Appellant pretrial diversion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed;**
**Case Remanded**.

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

John G. Mitchell, III, Murfreesboro, Tennessee, for the appellant, Heather Richardson.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Jennings Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On February 17, 2009, the Appellant was arrested after police witnessed her conduct a drug sale in the parking lot of a Kroger grocery store. During a search of the Appellant's person, police discovered a small amount of marijuana. After the Appellant's arrest, she was taken to the police department where she gave the following statement to law enforcement officers:

> I (Heather Richardson) left my house and went to
> David's Trailer Park[] beside Ginger Bread house[.] I met Chris
> and sold a quarter of weed for $30.00 (never got money) and
> then went to Kroger parking lot on Sam Ridley and met w[ith]
> another Chris and sold him 5 green Watson Lortabs 10 mg. for
> 7 [dollars] each a total of $35.00. I am making a[n] honest
> state[ment]. I feel very stupid [be]cause I have two kids and
> have never been in trouble[.] I was just doing this to get ahead
> on my bills [be]cause I am a waitress and b[usi]ness is slow and
> my rent is $1000.00 a month!

Thereafter, on November 3, 2009, the Rutherford County Grand Jury returned a multi-count indictment charging the Appellant with possessing .5 ounces or more of a Schedule VI controlled substance, namely marijuana, with the intent to deliver or sell; possessing a Schedule III controlled substance, namely hydrocodone, with the intent to deliver or sell; and possessing drug paraphernalia, namely a digital scale.

On or about March 10, 2010, the Appellant filed an application for pretrial diversion in which she stated that she was 25 years of age, unmarried, with two children, ages six and three. The Appellant said she had been steadily employed since 2001. In the application, the Appellant stated that the Lortab pills she sold were prescribed for her and that the small amount of marijuana she possessed was for her personal use. The Appellant attached to her application favorable letters from eight people. The Tennessee Bureau of Investigation certified that the Appellant was eligible for pretrial diversion.

On April 22, 2010, the prosecutor filed a statement denying the application, in which he listed several factors which were potentially favorable to the grant of pretrial diversion. Such factors included the Appellant's lack of previous criminal convictions, her completion of three years of high school and obtaining a general equivalency diploma (GED), the Appellant's "good physical and mental health," her lack of a history of illegal drug usage, and her history of steady employment over a period of nine years. The prosecutor noted that several letters were submitted in the Appellant's favor, indicating that the Appellant was "a loving mother, dependable, hard-working and sorry for her actions." The prosecutor also observed that the Appellant was unmarried and was responsible for taking care of her two young children. Finally, the prosecutor stated that the Appellant "may be amenable to correction."

However, the prosecutor noted that "[t]he trafficking in narcotics has long been a problem in this jurisdiction, as is shown by an examination of the dockets before this court and the attached Narcotics and Drug Seizure Statistics provided by . . . [the] Rutherford

-2-

County Sheriff's Department." Therefore, he felt that "to deter others from participating in this offense, it is necessary that a punishment harsher than diversion be imposed."

Additionally, he noted that deterrence is a "necessary goal" where an offender's sole motivation is monetary gain and when multiple sales of drugs have occurred. To this end, the prosecutor stated that the Appellant "engaged in a continuing course of conduct involving the sale of drugs" and that the "series of sales" extended over "the course of almost two months." The prosecutor maintained that "allowing trafficking in narcotics to go unpunished" would not serve the interests of society and that pretrial diversion was inappropriate when an offender's criminal intent "is sustained or repeated."

The prosecutor said that the Appellant "was offered an opportunity to assist law enforcement in prosecuting other drug dealers in the area, and declined to provide assistance." Additionally, the prosecutor believed that the Appellant's possession of drug scales at the time of her arrest belied her claim that she possessed marijuana for her personal use. Therefore, he believed that the Appellant was "refusing to accept responsibility for her actions." He also noted that the Appellant brought her two young children to the drug transaction. Based upon the foregoing factors, the State denied pretrial diversion.

On May 4, 2010, the Appellant filed in the trial court a petition appealing the denial of pretrial diversion. On May 21, 2010, the trial court conducted a hearing consisting of arguments of counsel. During the hearing, the State agreed that the prosecutor's finding that the Appellant's drug sales occurred over a period of two months was erroneous and that both sales occurred on the same day. The State maintained that diversion would not be denied in every case involving the sale of drugs, stating, "I suppose that in some future case the State might agree to a diversion [in a such a case]."

In its written order, the trial court held that the prosecutor did not abuse his discretion in denying the application for pretrial diversion and that he "considered, articulated, and weighed all relevant factors." Following the entry of the order, the trial court granted the Appellant an interlocutory appeal to this court via Tennessee Rule of Appellate Procedure 9. This court granted the appeal on August 16, 2010.

In response to the Appellant's appeal, the State concedes that the prosecutor abused his discretion in failing to weigh the applicable pretrial diversion factors. We agree, but we disagree with the State that the proper remedy is for the district attorney general to reconsider the diversion application. In our view, based upon the heavy weight the prosecutor attributed to the erroneous belief that the Appellant engaged in multiple drug sales over a lengthy period of time, we conclude that the trial court must order the prosecutor to enter into a pretrial diversion arrangement with the Appellant.

## II. Analysis

In order to be eligible for pretrial diversion, an applicant must not have been previously granted pretrial or judicial diversion; must not have a prior misdemeanor conviction in which he or she served a sentence of confinement or a prior felony conviction within a five-year period after completing the sentence or probationary period for the prior conviction; and must not be seeking diversion for a Class A or B felony, certain sexual offenses, driving under the influence, or vehicular assault. Tenn. Code Ann. § 40-15-105(B)(i)(a)-(c). Based upon the record before us, the Appellant is eligible for pretrial diversion. However, we note that "[a] person who is statutorily eligible for pretrial diversion is not presumptively entitled to diversion." State v. Yancey, 69 S.W.3d 553, 557 (Tenn. 2002).

The decision whether to grant pretrial diversion rests within the discretion of the district attorney general. See Tenn. Code Ann. § 40-15-105(b)(3); State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983). The burden is upon the Appellant, "in the first instance, to provide the prosecuting attorney with sufficient background information and data to enable that officer to make a reasoned decision to grant or deny the relief sought." State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989), overruled in part by Yancey, 69 S.W.3d at 559. To carry the burden, an applicant should provide the prosecutor with "as complete an application as circumstances warrant." State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993).

Despite an applicant's burden to demonstrate eligibility and suitability for pretrial diversion, the prosecutor also has specific obligations, especially when denying the application. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). When considering applications for pretrial diversion, the prosecutor should focus on a defendant's amenability to correction. Id. at 156. Additionally, the prosecutor must consider the circumstances of the offense, the defendant's criminal record, the defendant's social history, the physical and mental condition of the defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interests of both the public and the defendant. Id.; see also Hammersley, 650 S.W.2d at 355.

"[T]he circumstances of the offense and the need for deterrence may alone justify a denial of diversion, *but only if all of the relevant factors have been considered as well*" and only when the circumstances are of such overwhelming significance that they necessarily outweigh all other factors. Curry, 988 S.W.2d at 158 (emphasis in original); see also State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993). Although this court has affirmed the denial of pretrial diversion where the failure to admit the crime and/or express remorse revealed that a defendant had been less than truthful with the court, remorse per se is not a factor in determining suitability for pretrial diversion, and the failure of a defendant to admit

-4-

guilt is not, in and of itself, a proper basis for denying diversion. See State v. Nease, 713 S.W.2d 90, 92 (Tenn. Crim. App. 1986); State v. Dewey L. Clark, No. 03C01-9706-CR-00227, 1998 WL 397370, at *3 (Tenn. Crim. App. at Knoxville, July 16, 1998).

A denial of the application must be in writing and must contain not only an enumeration of the evidence the prosecutor considered but also a discussion of the weight given to each factor and of why unfavorable factors outweigh favorable ones. State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997); Curry, 988 S.W.2d at 157. Moreover, the prosecutor "should identify any factual disputes between the evidence relied upon and the [defendant's] application." Pinkham, 955 S.W.2d at 960.

If the application is denied, a defendant may seek a writ of certiorari in the trial court. Tenn. Code Ann. § 40-15-105(b)(3). When doing so, the compiled record should be attached to the petition. Winsett, 882 S.W.2d at 810. "[I]n the petition, the defendant should identify any 'disputed fact' which the prosecutor has not identified." State v. Lane, 56 S.W.3d 20, 26 (Tenn. Crim. App. 2000) (quoting Winsett, 882 S.W.2d at 810). The defendant has the burden of proving that the prosecutor abused his or her discretion in denying diversion, which may entail showing the record lacks any substantial evidence supporting the prosecutor's denial of pretrial diversion. See State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App. 1980); Lane, 56 S.W.3d at 26.

When considering a petition for certiorari regarding a denial of pretrial diversion, the trial court must limit its consideration to the evidence which was before the prosecutor and to the reasons given by the prosecutor in denying diversion. State v. Brown, 700 S.W.2d 568, 570 (Tenn. Crim. App. 1985). The trial court may conduct a hearing only to resolve any factual disputes raised by the prosecutor or the defendant; the court may not hear additional evidence. Curry, 988 S.W.2d at 157-58. The trial court must also adhere to the same case-by-case balancing procedure that is imposed upon the prosecutor and must state its findings in writing. Herron, 767 S.W.2d at 156.

If the trial court declines to reverse the prosecutor's denial of diversion, the defendant may seek interlocutory review in this court. See generally Tenn. R. App. P. 9, 10; Tenn. R. Crim. P. 38. If review is granted by this court, our review is confined to determining whether the trial court's determination is supported by a preponderance of the evidence. Curry, 988 S.W.2d at 158.

In the present case, although the prosecutor's statement of denial of pretrial diversion referred to the Curry-Hammersley factors for determining pretrial diversion, the prosecutor

failed to make findings in most instances.[1] Such an absence of findings may account for the prosecutor's failure to discuss the weight given to each factor. See Pinkham, 955 S.W.2d at 960. The statement also failed to articulate why unfavorable factors outweighed favorable ones. See Herron, 767 S.W.2d at 156. Our law stresses the importance of the applicant's amenability to correction, and, in the instant case, the prosecutor acknowledged that the Appellant had no prior criminal record and "may be amenable to correction"; however, the prosecutor neither discussed the weight to be afforded this factor nor commented how the factor was outweighed by negative factors. See, e.g., Curry, 988 S.W.2d at 156.

The primary negative factors cited by the prosecutor were the need for deterrence and the interests of society, basing this conclusion upon the Appellant's "multiple sales of drugs," her "routinely sell[ing] quantities of illegal drugs," her "continuing course of conduct involving the sale of drugs," and her "series of sales." Although the Appellant admitted to selling drugs twice on the same day, the prosecutor's references to a multiplicity of transactions was based upon his incorrect belief that the Appellant sold drugs over the "course of almost two months." In the circuit court hearing, the State conceded that the reference to the two-month period was erroneous and that the Appellant's drug charges arose on a single day, as she admitted in her statement. Given this context, we fail to see how deterrence and the need to protect the public from a "prolific drug dealer" overcome the strong factors favoring diversion.

Furthermore, although a denial of pretrial diversion may be based solely upon the circumstances of the offense or the need for deterrence, a prosecutor must nevertheless consider all other factors as well. Curry, 988 S.W.2d at 158. Here, the statement of denial does not demonstrate that the prosecutor considered the other factors, only that he referred to the Appellant's mentioning them in her application.

In addition to the need for deterrence and for preventing the release of unpunished drug traffickers onto the streets, the prosecutor cited the Appellant's refusal "to assist law enforcement in prosecuting other drug dealers in the area" as a basis for denial of diversion. However, nothing in the record indicates that the Appellant possessed any significant information about "other drug dealers." The undisputed facts in the record reflect that in response to financial pressure, the Appellant sold small amounts of drugs twice on the same day; she collected no money for the $30-marijuana sale and apparently sold Lortab pills which had been prescribed to her in a grocery store parking lot while being observed by a police officer. Other than the Appellant's illegal possession of a small amount of marijuana, nothing suggests that she could impart information about the drug trade in Rutherford

---

[1] Often, the prosecutor merely recited that the Appellant "states" or the Appellant "reports" that certain facts exist.

County. Moreover, the record does not reflect the precise terms of the "offer" to assist law enforcement, including whether the offer entailed any personal risk to the Appellant, a mother of two small children.

Nevertheless, we note that the Appellant exercised very poor judgment when she took her children with her to the drug transaction at Kroger. In the denial of diversion, the prosecutor referred to the presence of the children during the drug transaction but did not reflect the weight to be accorded this circumstance of the offense. The prosecutor also mentioned his belief that the Appellant was untruthful about having marijuana only for her personal use, basing that belief upon her possession of scales of the type used to weigh drugs. We agree that the record provides a plausible basis for discrediting the Appellant's assertion that she possessed marijuana only for her personal use, but, again, the prosecutor did not weigh this factor in the overall calculation regarding pretrial diversion. Although the prosecutor opined that the presence of the scales indicated that the Appellant "refus[ed] to accept responsibility for her actions," he nevertheless stated that she "may be amenable to correction." Thus, although the presence of the children at the drug transaction and the possession of the scales are negative factors, the prosecutor failed to weigh these factors against the Appellant's lack of a criminal record, her consistent employment record, her amenability to correction, and the positive opinions of the family members and others who submitted letters in her behalf.

### III. Conclusion

Therefore, we conclude that the trial court's determination that the prosecutor properly "considered, articulated, and weighed all relevant factors" is not supported by a preponderance of the evidence. The record lacks substantial evidence that the Appellant's offensive conduct was so prolonged or egregious to implicate the need for deterrence or the necessity of protecting the public from her. Additionally, as the State admits, the prosecutor relied upon a significant factual error in denying diversion. Accordingly, we conclude that the order of the trial court must be reversed, and the case must be remanded to that court with instructions to order the prosecutor to approve the Appellant's pretrial diversion application by entering into a memorandum of understanding pursuant to Tennessee Code Annotated section 40-15-105. See State v. Bell, 69 S.W.3d 171, 179 (Tenn. 2002); State v. Russell L. Tipton, No. M2006-00260-CCA-R9-CO, 2007 WL 2295610, at *7 (Tenn. Crim. App. at Nashville, Aug. 9, 2007).

_____
NORMA MCGEE OGLE, JUDGE