STATE of Tennessee, Appellee,

v.

**Freddie Lee HOUSTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 2, 1995.

## 713

Jerry H. Summers, Summers, McCrea & Wyatt, P.C., Chattanooga, for appellant.

Charles W. Burson, Attorney General and Reporter, Merrilyn Feirman, Asst. Atty. Gen., Nashville, TN, Gary D. Gerbitz, Dist. Atty. Gen., and Bates W. Bryan, Jr., Asst. Dist. Atty. Gen., Chattanooga, for appellee.

*OPINION*

HAYES, Judge.

This is an appeal pursuant to Rule Nine of the Tennessee Rules of Appellate Procedure from the judgment of the Criminal Court for Hamilton County affirming the district attorney general's denial of pre-trial diversion.

After reviewing the record, we affirm the trial court's judgment.

The appellant seeks to divert the offense of assault, Tenn.Code Ann. § 39–13–101, a Class A misdemeanor. The appellant was originally charged with aggravated assault. After a preliminary hearing, the case was bound over to the Grand Jury of Hamilton County on that charge. After hearing testimony from both the victim and the appellant, the grand jury returned an indictment for misdemeanor assault.

The appellant is currently a captain with the Chattanooga Police Department. He has served with the Department for twenty-five years. At the time of the offense, the appellant had been assigned to the Chattanooga City Court. His duties included the scheduling and coordinating of police officers for court appearances.

The victim is a twenty-eight year employee of the City of Chattanooga. He currently serves as the Court Administrator for the City Court Clerk's Office. His duties include the scheduling of cases on the court's docket.

On August 26, 1992, the appellant and the victim had a heated argument in the area immediately outside the courtrooms located in the Chattanooga City Court building. The appellant became angry when the victim refused to discuss an administrative problem. During the argument, the appellant called the victim a "bastard" several times in a loud voice. The victim attempted to walk away from the argument on more than one occasion, but the appellant followed, yelling at the victim to come back and "stand up like a man." During the final encounter, the appellant "got up into [the victim's] face" and said "I'm calling you a bastard. What are you going to do about it?" The victim responded by cursing at the appellant. The appellant then struck the victim in the face, breaking his jaw and two of his teeth. The victim

immediately underwent four hours of surgery to repair the damage. The surgery involved the implantation of a steel plate to repair the victim's jaw bone. As a result of the incident, the victim has incurred more than $14,000 in medical expenses, and had been unable to return to work as of the date of the preliminary hearing in this case.

After his indictment, the appellant moved for pretrial diversion. To support his request, the appellant forwarded to the district attorney the transcript of the preliminary hearing, the appellant's pretrial diversion investigation, letters of good character from associates, the appellant's personnel file from the Chattanooga Police Department, and an incident report filed by the officer responding to the victim's complaint.

On July 15, 1993, the district attorney denied the appellant's request for pretrial diversion. The district attorney acknowledged the appellant's excellent work record and social history, but denied diversion based on the following grounds:

(1) The defendant is a police officer of the rank of captain as such he functions under a public trust and is held to a higher standard than the ordinary citizen as his actions reflect on law enforcement and our [system] of justice;

(2) The victim was an official of the court performing his duties as such at the time of the attack;

(3) Given the crime with which the defendant is charged the victim's injuries are particularly great;

(4) The defendant was armed at the time of the confrontation with a deadly weapon; and

(5) The victim attempted to retreat and was pursued by [the appellant].

The appellant filed a petition for a writ of certiorari in the Criminal Court for Hamilton County, seeking to overturn the district attorney's denial of diversion. On July 16 and August 5, 1993, the trial court held a hearing to determine whether the denial constituted an abuse of discretion. After considering the evidence, the trial court affirmed the district attorney's decision. Houston now appeals that ruling.

The decision to grant pretrial diversion rests within the district attorney's discretion. Tenn.Code. Ann. § 40–15–105(b)(3) (Supp.1994). The district attorney's decision is presumptively correct and shall be reversed only when the appellant establishes that there has been a patent or gross abuse of prosecutorial discretion. *State v. Hammersley,* 650 S.W.2d 352, 356 (Tenn.1983). In order to establish abuse of discretion, "the record must show an absence of any substantial evidence to support" the district attorney's refusal to grant pretrial diversion. *Id.*

When deciding whether to grant pretrial diversion, the district attorney should consider the following factors: (1) the circumstances of the offense; (2) the defendant's criminal record, social history and present condition, including mental and physical conditions if appropriate; (3) the deterrent effect of punishment on other criminal activity; (4) the defendant's amenability to correction; and (5) the likelihood that pretrial diversion will serve the ends of justice and the best interests of both the public and the defendant. *State v. Washington,* 866 S.W.2d 950, 951 (Tenn.1993). This court may not substitute its judgment for the district attorney's when reviewing a denial of pretrial diversion. *State v. Watkins,* 607 S.W.2d 486, 488 (Tenn.Crim.App.1980), *perm. to appeal denied,* (Tenn.1980). Our role is limited to determining whether any substantial evidence exists to support that decision within the framework of these factors.

In the present case, the district attorney clearly considered all applicable *Washington* factors. The district attorney conceded that the appellant has an excellent work and social history, and no prior criminal record. He concluded, however, that other factors opposing diversion outweighed the appellant's favorable personal history. The five reasons given for denial fit into the following two *Washington* categories: the circumstances of the offense; and the likelihood that pretrial diversion will serve the ends of justice and the best interests of both the public and the defendant.

■ The circumstances of the offense strongly support denial of pretrial diversion. As the district attorney pointed out, the victim's injuries were particularly great. Moreover, the appellant committed the offense during the middle of working hours in the Chattanooga City Court building, and the victim was a court official performing his duties at the time of the attack. The trial court rejected the appellant's contention that this incident was simply an argument between "two friends." The court in fact found that "there was some intent to do ... harm or injury" to the victim. In an appeal of this nature, the trial court's findings of facts are binding on us unless the evidence preponderates against such findings. *State v. Helms*, 720 S.W.2d 474, 476 (Tenn.Crim.App.1986), *perm. to appeal denied*, (Tenn.1986).

■ The ends of justice and the best interests of the public also favor denial of pretrial diversion. As the trial court stated:

[T]here needs to be respect for the law, and it would be hard to enforce that respect for the law and see that there is respect for the law when the very people who are enforcing the law are violating the law themselves in front of everybody else.

The district attorney placed great emphasis on the fact that the appellant is "a police officer of the rank of captain, as such he functions under a public trust and is held to a higher standard than the ordinary citizen as his actions reflect on law enforcement and our [system] of justice." The fact that the appellant violated a position of public trust bears directly on the public interest. In *Woodson v. State*, 608 S.W.2d 591 (Tenn. 1980), the Tennessee Supreme Court held that a trial court may consider the fact that the defendant violated the public trust when determining whether probation should be granted. The Court stated:

[W]e also believe that public officials, and especially members of the criminal justice system, are called upon to act in accordance with an even higher standard than that applied to the average citizen. In the normal course of events, an applicant for a suspended sentence has not, prior to committing a crime, taken an oath that he will commit no crime. On the other hand, a public official whose sworn duty is to uphold the law has taken such an oath. Thus [the defendant] stands before the court as one who by committing a crime has violated his oath of office, and has thereby breached the public trust.

*Id.* at 594. We hold this factor to be equally applicable in the pretrial diversion context. *See State v. Holland*, 661 S.W.2d 91, 93 (Tenn.Crim.App.1983) *perm. to appeal denied*, (Tenn.1983) (the same guidelines are applicable in diversion cases as are applicable in probation cases).

■ While the appellant's personal history does demonstrate his amenability to rehabilitation, the district attorney must consider other factors when deciding whether to grant pre-trial diversion. *State v. Carr*, 861 S.W.2d 850, 855 (Tenn.Crim.App.1993). We have held on several occasions, that in an appropriate case, the circumstances of the offense and the need for deterrence may outweigh all other relevant factors and justify a denial of pretrial diversion. *Id.; see also State v. Helms*, 720 S.W.2d 474 (Tenn. Crim.App.1986), *perm. to appeal denied*, (Tenn.1986). We conclude that the circumstances of this offense, the need to serve the ends of justice, and to protect the interests of the public outweigh all factors in favor of diversion. We therefore conclude, as did the trial court, that the district attorney's denial of diversion did not constitute an abuse of discretion.

The judgment of the trial court is affirmed.

SCOTT and WHITE, JJ., concur.