**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**MARCH 1996 SESSION**



FILED

May 3, 1996

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9410-CR-00454 |
| Appellee, | ) |
| | ) Bradley County |
| V. | ) |
| | ) Honorable R. Steven Bebb, Judge |
| | ) |
| **BARRY HUGHES,** | ) (Rule 10 - Denial of Pretrial Diversion) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Leonard "Mike" Caputo
Phillips & Caputo
Attorneys at Law
312 Vine Street
Chattanooga, TN 37403

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Hunt S. Brown
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Jerry N. Estes
District Attorney General

G. Scott Kanavos
Assistant District Attorney General
203 E. Madison Avenue
P.O. Box 647
Athens, TN 37371

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Barry Hughes, challenges, by extraordinary appeal, the trial court's judgment affirming the district attorney general's denial of his application for pretrial diversion. The appellant sought to divert two counts of official oppression, one count of official misconduct, and one count of fabricating evidence. The charges stem from allegations that, while performing his duties as a police officer, he planted cocaine in a civilian's car. We affirm.

An assistant district attorney, and later the district attorney general, denied pretrial diversion based upon the following findings:

1. That the offense was not impulsive but planned and executed in both a conscientious and repetitious manner over a significant period of time,

2. That the conduct substantially deprived two or more citizens of their rights to due process,

3. That appellant's actions substantially undermined the integrity of law enforcement officials,

4. That the offense caused review of nearly 200 criminal cases in which the appellant was involved,

5. That granting diversion would undermine deterrence of other criminal activities, and

6. That the actions constituted violations of public and private trust.

A district attorney's grant or denial of pretrial diversion is "presumptively correct" and the decision shall only be reversed upon a showing of a "patent or gross abuse of prosecutorial discretion." State v. Perry, 882 S.W.2d 357, 359 (Tenn. Crim. App. 1994). To find an abuse of discretion, the record must be devoid of "any substantial evidence" supporting the district attorney general's decision. Id.; State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995). We may not supplant the district attorney's judgment with that of our own. Id.

In assessing whether a defendant is entitled to pretrial diversion, the district attorney general must consider: (1) the circumstances of the offense, (2) the defendant's criminal record, (3) the defendant's social history, (4) the defendant's physical and mental condition, (5) the deterrent effect of punishment upon other criminal activity, (6) the defendant's amenability to correction, and (7) the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant. Id. The circumstances of the offense and the need for deterrence may, in an appropriate case, outweigh all other relevant factors. Id. at 715.

We agree with the district attorney's assessment that the planting of or fabrication of evidence calls into doubt the integrity of law enforcement. Fabricating evidence not only strikes at the core of law enforcement and police integrity, it also strikes at the "very heart" of the judicial process. See Perry, 882 S.W.2d at 360 (affirming denial of diversion noting that perjury strikes at "very heart of judicial system"). Acts threatening the vitality of our judicial system should neither be countenanced nor rewarded with remedial measures such as pretrial diversion. We, therefore, conclude that the circumstances of the offenses, the need to deter similar acts affecting the integrity of both the courts and law enforcement, and the need to protect the public's interests outweigh all factors in favor of pretrial diversion. The trial court's judgment in finding that the prosecutor did not abuse his discretion is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge


_____
CHARLES LEE, Special Judge