IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2000

**STATE OF TENNESSEE v. DOYLE R. STEVENS**

**Appeal from the Circuit Court for Blount County**
**Nos. C-11526, C-11527, and C-11528   Steven M. Bevil, Judge by Interchange**

_____

**No. E1999-02097-CCA-R3-CD**
**November 6, 2000**
_____

In July 1999, the defendant entered a plea of nolo contendre on two counts of vehicular homicide and one count of aggravated assault. The defendant contends that the trial court erred by not granting judicial diversion. We conclude that the defendant was not a "qualified defendant" for judicial diversion. His 1992 conviction for driving while under the influence of an intoxicant qualifies as a Class A misdemeanor, and therefore he is not "qualified" for judicial diversion. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Raymond Mack Garner, District Public Defender, and Jon A. Anderson, Assistant District Public Defender, Maryville, Tennessee, for the appellant, Doyle R. Stevens.

Paul G. Summers, Attorney General and Reporter; R. Stephen Jobe, Assistant Attorney General; Michael L. Flynn, District Attorney General; and John Bobo and Tammy Harrington, Assistant District Attorneys, for the appellee, State of Tennessee.

**OPINION**

In July 1999, the defendant, Doyle R. Stephens, pled nolo contendre to one count of aggravated assault, a Class D felony, and two counts of vehicular homicide, both Class C felonies. See Tenn. Code Ann. §§ 39-13-102, -213. The defendant was subsequently sentenced to a four-year sentence for the aggravated assault charge, and two six-year sentences for each vehicular homicide charge. All sentences run concurrently. The trial judge imposed an alternative sentence by ordering split confinement. The split confinement sentence mandated that the defendant spend two days a week in the county workhouse for a period of one year. Further, the defendant was given a ten-year period of supervised probation; ordered to pay restitution; ordered to take part in a drug and alcohol

follow-up program; and ordered to refrain from using drugs and/or alcohol. In this appeal, the defendant contends that the trial court erred by not granting judicial diversion. After a careful review, we affirm the judgment of the trial court.

## FACTS

On June 9, 1998, the defendant was driving on U.S. Highway 411 when he crossed the centerline and struck an oncoming car. In the car with the defendant were three children. The car in the oncoming lane contained the driver and one passenger.

The accident resulted in the death of the driver of the oncoming car and the death of one of the children in the car with the defendant. The defendant's two-month-old daughter suffered severe head injuries that have resulted in constant treatment and physical therapy to this day. The passenger in the oncoming car, the remaining passenger in the defendant's car, and the defendant himself also suffered injuries of a lesser degree.

When the defendant was taken to the hospital, a blood sample was taken from him. An analysis of the blood sample revealed that the defendant had used cocaine near the time of the accident. The defendant admitted that he ingested a half a gram of cocaine, but claimed that he used the cocaine the day before the accident.

In a motion to the trial court, the defendant requested either judicial diversion or pretrial diversion. In a letter from the District Attorney's office, the defendant's request for pretrial diversion was denied. Further, at the sentencing hearing, the trial court denied the defendant's request for judicial diversion.

## ANALYSIS

We begin our analysis by noting that the record indicates that there may be some confusion about the difference between judicial diversion and pretrial diversion. While judicial diversion and pretrial diversion are similar in purpose, they are nonetheless separate and distinct legislative concepts taking place at different points in legal proceedings. The decision to grant judicial diversion rests with the trial court, not the prosecutor. Further, judicial diversion follows a determination of guilt, but acts to defer the entry of any judgment of conviction. See Tenn. Code. Ann. § 40-35-313; State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). With pretrial diversion, however, the decision to grant or deny an application for such rests with the district attorney general. Unlike judicial diversion, pretrial diversion takes place before trial, and is a means of avoiding the consequences of a public prosecution for those who have the potential to be rehabilitated and avoid future criminal charges. See Tenn. Code Ann. § 40-15-105(b)(3); State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997); State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995).

The dynamics that follow a defendant's failure to abide by the terms imposed on him or her

at the time judicial diversion or pretrial diversion is granted also serve as a key distinction between the two concepts. Unlike pretrial diversion, if the defendant does not comply with the conditions placed upon him or her when judicial diversion is granted, then the judgment of conviction that was originally deferred is entered without the need for a trial. Under pretrial diversion, however, if the defendant fails to comply with the terms imposed on him or her at the time pretrial diversion is granted, the defendant must be tried and found guilty before a judgment of conviction may be entered.

## Judicial Diversion

The defendant contends that the trial court erred by denying him judicial diversion. Tennessee Code Annotated § 40-35-313 states that "[t]he court may defer further proceedings against a qualified defendant and place such defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty." Tenn. Code Ann. § 40-35-313(a)(1)(A). Further, the Tennessee Code Annotated sets forth that a person is qualified for judicial diversion if he or she "[h]as not previously been convicted of a felony or Class A misdemeanor." Tenn. Code Ann. § 40-35-313(a)(1)(B)(i)(*c*). A review of the defendant's criminal history reveals that the defendant was convicted on August 3, 1992, of driving while under the influence of an intoxicant, a Class A misdemeanor. See Tenn. Code Ann. §§ 55-10-403(a)(1), 40-35-111(e)(1). This conviction automatically disqualifies the defendant for judicial diversion. Having determined that the defendant is not qualified for judicial diversion, this Court sees no reason to continue any further in this analysis. The trial court was correct in denying the defendant judicial diversion.

## CONCLUSION

We conclude that the defendant was not a "qualified defendant" for judicial diversion. His 1992 conviction for driving while under the influence of an intoxicant qualifies as a Class A misdemeanor, and therefore he is not a "qualified defendant" for purposes of judicial diversion.

_____
JOHN EVERETT WILLIAMS, JUDGE