IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2001

## STATE OF TENNESSEE v. ANDREIA JONES

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-13899-13903     Joseph B. Dailey, Judge**

_____

**No. W2000-01536-CCA-R3-CD  - Filed August 27, 2001**

_____

Defendant challenges the denial of pretrial diversion by the District Attorney General and subsequent denial of relief by the trial court. We conclude that the defendant failed to file a petition for writ of certiorari and improperly sought to have the trial court consider matters not presented to the District Attorney General; thus, defendant has failed to establish that the District Attorney General abused his discretion in denying pretrial diversion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Robert C. Brooks, Memphis, Tennessee, for the appellant, Andreia Jones.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Daniel S. Byer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant and two co-defendants were indicted in five separate indictments, each containing two counts of forgery. She sought pretrial diversion from the District Attorney General which was denied. The trial court concluded the District Attorney General did not abuse his discretion in denying the request. Subsequently, defendant entered pleas of guilty to five counts of forgery and received concurrent sentences of one year for each count, which was suspended with supervised probation for a term of three years. The facts stated at the plea submission hearing indicate that the defendant along with two co-defendants resided at the home of an elderly woman. They stole her checkbook and cashed various forged checks at different businesses over a period of several days. Subsequent to the guilty plea, defendant filed a Tenn. R. App. P. 3 appeal as of right to this court

challenging only the denial of pretrial diversion. *See* Tenn. R. Crim. P. 38 (authorizing a Tenn. R. App. P. 3 appeal of the denial of pretrial diversion if no interlocutory appeal was sought).

## BACKGROUND

The request for pretrial diversion did not come in a formal application, but rather in a four-paragraph letter from defense counsel.[1] The letter stated that the defendant was twenty-six years old, had no prior record, was charged with offenses "arising out of a single episode," had two co-defendants who had pled guilty, was involved in stealing several items which included a checkbook, had "passed the proceeds of [the] theft," and contended her participation was limited to filling out two checks for $60.00 and $100.00 as confirmed by a document examiner.

The prosecutor had been provided a Probation Investigation Report. The prosecutor also had available to him a "Probable Cause Narrative" relating to the circumstances of the offense. It indicated that all three defendants lived at the victim's residence, took her checkbook, and wrote numerous checks to different businesses. It also indicated that the victim stated she was approached by the defendant and a co-defendant who told her that "they did take the checkbook and wrote the checks, that they would pay her back. (Total of checks written $695.00)."

In the written denial the prosecutor noted that the defendant's age, residence in Memphis for seven years, and lack of a prior criminal record favored pretrial diversion. However, the prosecutor noted the following negative factors:

(1)     defendant dropped out of high school due to a lack of interest and had limited connections to the Memphis community;

(2)     defendant has never been gainfully employed, and her ability to make restitution is limited;

(3)     the crimes were systematic;

(4)     the crimes were committed in collusion with two co-conspirators;

(5)     the crimes were committed against an elderly victim;

(6)     deterrence is a necessity due to the frequency of elder fraud crimes in the community; and

---

[1] This court has observed that a number of judicial districts utilize a detailed application form for those seeking pretrial diversion. We highly recommend the use of a similar form.

(7)     pretrial diversion would send the wrong message to the defendant and the community.

The record does not contain a petition for writ of certiorari. The record does include a transcript of a hearing in the criminal court on the denial of pretrial diversion. At that hearing the prosecutor testified as to his reasons for denying diversion. The defendant also testified and gave various explanations for the negative factors relied upon by the prosecutor. The trial court concluded that the District Attorney General had not abused his discretion in denying diversion.


**PRETRIAL DIVERSION**

The Pretrial Diversion Act provides a means of avoiding the consequences of a public prosecution for those who have the potential to be rehabilitated and avoid future criminal charges. *See* Tenn. Code Ann. § 40-15-105. Pretrial diversion is extraordinary relief for which the defendant bears the burden of proof. State v. Baxter, 868 S.W.2d 679, 681 (Tenn. Crim. App. 1993); State v. Poplar, 612 S.W.2d 498, 501 (Tenn. Crim. App. 1980). The decision to grant or deny an application for pretrial diversion is within the discretion of the District Attorney General. Tenn. Code Ann. § 40-15-105(b)(3); State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997); State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995).

It is the defendant's responsibility to provide the prosecuting attorney with as complete an application as circumstances warrant, including sufficient background information and data to enable the prosecutor to make a reasoned decision to grant or deny pretrial diversion. State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989); State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993).

If the application for pretrial diversion is denied, the defendant must appeal by petitioning the criminal court for a statutory writ of certiorari. Tenn. Code Ann. § 40-15-105(b)(3). In the petition, the defendant

> should identify any part of the district attorney general's factual basis he or she elects to contest. We would expect such contests to be limited to matters that are materially false or based on evidence obtained in violation of the petitioner's constitutional rights.

Pinkham, 955 S.W.2d at 960.

The only evidence that may be considered by the trial court is the evidence that was considered by the District Attorney General. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). A hearing is conducted only to resolve any factual disputes concerning the application, and the trial court should not hear additional evidence which was not considered by the prosecutor. *Id*. at 157-58.

A prosecutor's decision to deny diversion is presumptively correct, and the trial court should only reverse that decision when the appellant establishes an abuse of discretion. *Id*. at 158; Houston, 900 S.W.2d at 714. The record must be lacking in any substantial evidence to support the District Attorney General's decision before an abuse of discretion can be found. Pinkham, 955 S.W.2d at 960. The trial court may not substitute its judgment for that of the District Attorney General when the decision of the District Attorney General is supported by the evidence. State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App. 1980).

## ANALYSIS

### A. Failure to File Petition for Certiorari

To seek relief from the District Attorney General's denial of pretrial diversion, one must file a petition for statutory writ of certiorari in the criminal court. The petition should identify any factual disputes with the District Attorney General. Pinkham, 955 S.W.2d at 960. It is the filing of the petition which vests authority in the criminal court to review the action of the District Attorney General. No such petition was filed in this case. The failure to file the petition waives appellate review of this issue.

### B. Matters Not Considered by Prosecutor

Regardless of waiver, defendant is not entitled to relief. Defendant in her brief relies upon evidence introduced at the certiorari hearing in which she explained that she dropped out of high school since she had been raped and become pregnant. She testified she was unemployed since she had four children, drew disability, and otherwise had been unable to find work in the five years she had been in Memphis. She further testified she was trying to get her GED but had not done so, explaining that "you got to call around, because, see, I don't know too much about Memphis because I don't really still live in Memphis." Defense counsel, through the testimony of the prosecutor who denied pretrial diversion, endeavored to establish that the prosecutor was not aware of this additional information when he denied diversion.

The trial court conducts a certiorari hearing only to resolve any factual issues raised by the prosecutor or the defendant, not to hear additional evidence. *See* Curry, 988 S.W.2d at 157-58. The alleged facts relied upon by defendant were never brought to the District Attorney General's attention prior to the hearing. No factual disputes were identified prior to the hearing. Furthermore, as noted by the trial court, the trial court must limit its consideration to the evidence which was before the prosecutor at the time of the denial and to the reasons given by the prosecutor at that time. *See id.*

We reject defendant's contention that "[t]he State has a duty to obtain complete and accurate information before making a decision of this magnitude about a citizen's life. If that involves interviewing the defendant for more than a few minutes, or more than once, that is no great burden

on the State." To the contrary, it is the defendant's responsibility to furnish the state with sufficient background information to enable the prosecutor to make a reasoned decision. Herron, 767 S.W.2d at 156. Thus, the additional information provided at the certiorari hearing had not been considered by the prosecutor and could not be considered by the trial court.

We conclude that the letter application for diversion, the Probable Cause Narrative, the Probation Investigation Report, and the written denial of diversion, which was the only evidence properly before the trial court, clearly reveal that there was substantial evidence to support the District Attorney General's denial of pretrial diversion.

## CONCLUSION

Based upon our review of the record, we affirm the judgment of the trial court.


_____
JOE G. RILEY, JUDGE