IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 7, 2001 Session

## STATE OF TENNESSEE v. TERRY A. ROGIER

**Interlocutory Appeal from the Circuit Court for Madison County**
**No. 00-381      Donald H. Allen, Judge**

---

**No. W2001-00551-CCA-R9-CD  - Filed September 19, 2001**

---

The Appellant, Terry A. Rogier, by means of an interlocutory appeal seeks review of the trial court's decision affirming the district attorney general's denial of pre-trial diversion. Rogier was indicted by a Madison County Grand Jury for the offenses of reckless endangerment, a class E felony, and reckless driving, a class B misdemeanor. After review, we find that the prosecutor failed to consider all the relevant factors in denying diversion. Accordingly, we reverse the trial court's finding that the prosecutor did not abuse his discretion and remand to the trial court for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Reversed and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Kyle C. Atkins, Humboldt, Tennessee, for the Appellant, Terry A. Rogier.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Laura McMullen Ford, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On September 15, 1999, the thirty-six-year-old Appellant was driving in a residential area in Jackson when he lost control of his vehicle while rounding a curve. At the time of the impact, it was estimated that the Appellant was traveling 74 mph in a 30 mph zone. The vehicle overturned seriously injuring both the Appellant and his passenger. The EMT's report noted an odor of alcohol on the Appellant, however, no blood alcohol tests were performed by the police. Following his indictment for class E reckless endangerment and reckless driving, the Appellant applied for pre-trial diversion. After the Appellant's initial application was supplemented with additional background

information, the district attorney general notified the Appellant by letter that his application for pre-trial diversion was denied. The district attorney cited six reasons for denial of the application for diversion. We recite below the prosecutor's stated reasons and the proof which was submitted to the district attorney by the Appellant relative to each.

> 1. The defendants (sic) crimes were not the result of impulse but required considerable effort and planning. State v. Holland, 661 S.W.2d 91 (Tenn. Crim. App. 1983).

As argued by the Appellant, the defined mental state of the crimes for which the Appellant was indicted reflect that the offenses were committed recklessly, *i.e.*, with gross deviation from the standard of care, essentially the opposite of "considerable effort and planning."

> 2. The defendant has expressed no remorse for their (sic) conduct nor has he made any effort to make the victim whole. State v. Nease, 713 S.W.2d 90.

Provided to the district attorney was a release of all claims by the passenger indicating that the Appellant's insurance carrier paid the passenger $100,000.00, the policy limit. Also included was a letter from the passenger, supporting the Appellant's efforts seeking diversion, which contained the following relevant comments:

> After the accident, [the Appellant] had his family to bring him by to visit me on several occasions when he was unable to drive himself. When he was unable to visit he would call to see how I was doing. His family also gather (sic) several people to donate blood on my behalf when I was in the hospital. We still are friends and continue to talk to each other and visit each other on occasions.

> 3. The defendant has a poor work history indicating a serious lack of motivation to successfully complete pretrial diversion.

Letters from the Appellant's former employers were provided to the district attorney detailing the Appellant's exemplary employment history and work ethic. The Appellant was first employed at age fourteen and worked throughout high school. Later, he worked six to seven nights a week for thirteen years, while at the same time building a successful construction company during the day. The Appellant currently owns and operates Rogier Construction Company. He holds both an electrical contractors license and a building contractors license.

> 4. No family or friends are forthcoming to aid or encourage the defendant in any pretrial diversion program. Without such encouragement the defendant cannot hope to successfully complete pretrial diversion.

Twenty-four letters from former employers, bank officers, businessmen in the community, the parish priest, friends and others were included in the Appellant's application for diversion. These letters attest to the Appellant's excellent reputation in his community, his honesty and his integrity, his role

as a devoted father and as someone who was always willing to help others in need without asking anything in return. He is married to his wife of sixteen years and they have two children, ages sixteen and two.

> 5.  Crimes involving the reckless use of vehicles is (sic) a serious problem in this jurisdiction and allowing the defendant to participate in pretrial diversion would greatly undermine law enforcement efforts at curtailing this type of criminal activity.

> 6.  The defendant has a criminal history.

For the past sixteen years, the Appellant has not been cited for any traffic violation or charged with any criminal offense. The pre-sentence report noted no problems with alcohol or drug use. During the Appellant's early youth (ages 17-20), he was issued five citations by the Humboldt municipal court. The pre-sentence report reflects forfeitures for the following ordinance violations: speeding, two public intoxications, resisting arrest, failure to maintain control and reckless driving.

The district attorney's letter stated in conclusion that, in addition to the above specific reasons for denial, the Appellant's "extremely excessive speed, prior driving history and the apparent use of alcohol" factored heavily into his decision to deny diversion.

At the hearing for writ of certiorari, the trial court found that the district attorney improperly considered factors 1 through 4 as grounds for denial of diversion as the proof indicated to the contrary. Notwithstanding, the trial court held that the district attorney did not abuse his discretion by denying pre-trial diversion based upon the appropriate determinations that (1) the reckless use of vehicles was a serious problem in the jurisdiction; (2) the facts of this case suggested that alcohol was involved in the accident; and (3) the Appellant was not a suitable candidate for diversion because of his past criminal record and the fact that his record was directly related to the present offense. Following this ruling, an application for interlocutory appeal was filed and granted.

## ANALYSIS

The decision to grant pre-trial diversion rests within the discretion of the district attorney general. Tenn. Code Ann. § 40-15-105(b)(3) (1994 Supp.); *see also* State v. Hammersley, 650 S.W.2d 352, 353 (Tenn. 1983); State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1995). In Hammersley, our supreme court held:

> [a] prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered . . . . Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant. Hammersley, 650 S.W.2d at 355.

Other factors which have been held relevant in determining suitability for pre-trial diversion are: the deterrent effect of punishment upon other criminal activity, the applicant's attitude, behavior since arrest, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility, and attitude of law enforcement.  State v. Washington, 866 S.W.2d 950, 951 (Tenn.1993) (citations omitted); *see also* Houston, 900 S.W.2d at 714.

The district attorney general's decision regarding pre-trial diversion is presumptively correct.  State v. Pinkham, 955 S.W.2d 956, 960 (Tenn.1997).  If pre-trial diversion is denied,

> the denial must be in writing and must include an enumeration of the evidence that was considered and a discussion of the factors considered and weight afforded each.  This requirement entails more than an abstract statement in the record that the district attorney general has considered these factors.  State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999) (citations omitted).

For purposes of our review, the findings of the trial court are binding on this court unless the evidence preponderates against such findings.  Houston, 900 S.W.2d at 715.  We review the case, not to determine if the trial judge has abused his discretion, but to determine if the evidence preponderates against the finding of the trial judge who holds that the district attorney general has or has not abused his discretion.  State v. Watkins, 607 S.W.2d 486, 489 (Tenn. Crim. App. 1980).  Thus, the underlying issue for our determination remains whether or not, as a matter of law, the prosecutor abused his discretion in denying pre-trial diversion.  State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993).  With these principles firmly established, we, in turn, examine those reasons which were articulated by the prosecutor and accredited by the trial judge in denying diversion.

**Deterrence**

The district attorney denied pre-trial diversion in part because "crimes involving the reckless use of vehicles is (sic) a serious problem in this jurisdiction and allowing the defendant to participate in pre-trial diversion would greatly undermine law enforcement efforts at curtailing this type of criminal activity."  The trial court also noted such a problem.

"No one is in a better position to be informed of criminal activity in a circuit than the District Attorney General."  State v. Holland, 661 S.W.2d 91, 93 (Tenn. Crim. App. 1983) (diversion was denied based in part upon the problem of serious, similar crimes within the circuit and the need to deter such crimes).  In the present case, the district attorney general was entitled to rely upon his own institutional knowledge of criminal activity, but he was constrained to identify the factual basis and rationale for the use of deterrence.  State v. Lane, No. E-1999-00615-CCA-R9-CD (Tenn. Crim. App. at Knoxville, June 1, 2000), *perm. to appeal denied*, (Tenn. 2000) (citing Pinkham, 955 S.W.2d at 960).  The record reflects that no factual basis or rationale for the application of deterrence was offered by the prosecutor.

## Criminal History

Diversion was also denied because "the defendant has a criminal history." Although we do not dismiss the Appellant's previous sixteen-year-old plus municipal ordinance violations, we believe it important to distinguish between municipal proceedings and convictions from a court with criminal jurisdiction.

The Appellant's "criminal history" is based upon violations of Humboldt city ordinances, which resulted from forfeitures. Therefore, no court appearances were made by the Appellant; he simply paid fines.[1] "Cases involving violation of city ordinances are not criminal prosecutions . . . they are civil in nature having as their object the vindication of domestic regulations." Briggs v. City of Union City, 531 S.W.2d 106, 107 (Tenn.1975) (citing Metro. Gov't of Nashville & Davidson County v. Allen, 529 S.W.2d 699, 707 (Tenn.1975)). Additionally,

> payment of a traffic fine in lieu of an appearance in court is neither a guilty plea nor an express acknowledgment of guilt. There are many legitimate and plausible reasons for choosing to pay such a fine by mail or otherwise, without intending to concede guilt. Common experience demonstrates that the payment of a traffic citation is simply a matter of expedience. The cost of defense compared with the amount of the fine and the inconvenience, as well as the indirect economic losses of court appearances, are practical considerations which often motivate an individual cited for a traffic violation to simply pay the fine. Williams v. Brown, 860 S.W.2d at 856 (citations omitted).

Furthermore, the offenses occurred within a relatively short period of time, a three year period, and most importantly, occurred sixteen years ago. In the past sixteen years, the proof indicates that the Appellant has been a responsible and law-abiding citizen.

## Circumstances of the Offense

The district attorney general in his November 13, 2000, letter stated, "I especially find that ... the apparent use of alcohol in this case warrant(s) denying your request for diversion." Also, the trial court found, "the facts and circumstances indicate, perhaps drinking was involved." The trial court noted that the EMTs smelled alcohol when they arrived on the scene. No blood alcohol test was conducted. No substantial evidence exists to find that alcohol was involved in this accident.

---

[1]Under Tenn. Code Ann. § 55-10-207 (d) (1998), "the person cited [for a traffic offense] may elect not to contest the charge and may, in lieu of appearance in court, submit the fine and costs to the clerk of the court." A jurisdiction which allows payment of a prescheduled amount employs the "cafeteria" system. Williams v. Brown, 860 S.W.2d 854, 856 (Tenn. 1993) (citing Hannah v. Ike Topper Structural Steel Co., 201 N.E.2d 63, 65 (1963)).

# CONCLUSION

Case law has firmly established that the focus of a pre-trial diversion request is upon the applicant's amenability to correction. Any denial of diversion must be accompanied by consideration of all relevant factors with a discussion of those factors considered and the weight afforded each. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999) (citing State v. Pinkham, 955 S.W.2d at 960). In other words, the prosecutor may not focus entirely upon the charged offense, but must also consider the offender, his or her amenability to correction and whether the offender is likely to reoffend. This procedure was not followed in the instant case. It is apparent from the record that, by focusing almost exclusively upon the need for deterrence, the undermining of law enforcement efforts, the circumstances of the offense and a stale criminal history, the Appellant's almost entire adult life as a contributing member of society is of no importance. After review, we find those factors which are indicative of amenability to correction, *i.e.*, the Appellant's excellent employment history, his reputation for honesty and integrity and acts of charity in his community, a stable marriage and devoted father of two, and his status as a law abiding citizen for the past sixteen plus years outweigh those reasons cited by the prosecutor in denying diversion.

For the reasons stated above, we reverse the trial court's ruling that the prosecutor did not abuse his discretion in denying pre-trial diversion. This case is remanded to the trial court with instructions that a memorandum of understanding be entered for a period of two years with imposition of appropriate conditions as provided by Tenn. Code Ann. § 40-15-105(a)(2)(A)-(H).

_____
DAVID G. HAYES, JUDGE