# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1998 SESSION



**FILED**

**July 7, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9707-CR-00243 |
| Appellee, | ) |
| | ) Hamblen County |
| V. | ) |
| | ) Honorable James E. Beckner, Judge |
| **MICHAEL DURAND HOLMES,** | ) |
| | ) (Pretrial Diversion) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:

Greg W. Eichelman
District Public Defender

Ethel P. Laws
Assistant District Public Defender
1609 College Park Drive, Box 11
Morristown, TN 37813-1618

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Sandy C. Patrick
Assistant Attorney General
Criminal Justice Division
425 5th Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243-0493

C. Berkeley Bell
District Attorney General
510 Allison Street
Morristown, TN 37813

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Michael Durand Holmes, appeals from the judgment of the Criminal Court of Hamblen County, affirming the district attorney general's denial of pretrial diversion. The appellant seeks to divert the offense of delivery of a controlled substance, crack cocaine.

The appellant's sole issue on appeal is whether the trial court erred in finding that the district attorney general did not abuse his discretion in denying the appellant's application for pretrial diversion. We affirm.

The appellant admitted to delivering 0.3 grams of crack cocaine in April 1996 to an undercover buyer at the Ebony Outdoorsman Club in Morristown, Tennessee. He was not arrested until November 1996. During the time between the delivery and his arrest, the appellant became a member of the Praise World Outreach Center and was apparently attempting to change his life. The appellant requested pretrial diversion, characterizing the delivery as a "one-time incident." District Attorney General Berkeley Bell denied his request.

The appellant argues that the trial court erred in finding no abuse of discretion by the district attorney general. His argument is based upon three factors used to deny him diversion: the circumstances of the offense, his prior criminal behavior, and his reputation in the community.

With respect to the circumstances of the offense, the district attorney in his written denial of pretrial diversion cited the following:

> The undercover agent approached the defendant on the outside of the Ebony club and asked him, in the vernacular of the drug trade, if he had any crack cocaine. The defendant, also in the vernacular of the trade, responded in the affirmative and sold the undercover agent seven (7) rocks of crack. As the agent was concluding the transaction he obtained the defendant's beeper number to call for future transactions.

First, the appellant asserts that the district attorney abused his discretion by considering the preceding unsworn allegations. In his brief, the appellant notes that the district attorney "did not file the transcript of the transaction, he did not subpoena the officers for the certiorari hearing, [and] he admitted that all the court could go on was his own say so." He contends that the district attorney general "did not establish what actually occurred in his investigation with witnesses, affidavits, or even letters." At the certiorari hearing, General Bell, who had been counsel for the state, became the only witness for the state, and Assistant District Attorney John Dugger became counsel for the state. The appellant argues that "the Attorney General became the witness in an attempt to present evidence he could not otherwise present." Thus, the appellant argues that he was not given an opportunity to cross-examine the officers regarding his reputation. Furthermore, the appellant notes that the trial judge relied upon the district attorney's in-court statements in reaching his decision that the district attorney had not abused his discretion:

> The circumstances of the offense. The circumstances of the offense are not unusual except for the indication that the undercover agent could get back in touch with the defendant through his beeper to ... and, of course, I'm relying upon the State's answer and the allegations therein . . . could get back in touch with the defendant through his beeper for future drug transactions. So that would be negative, of course.

Second, the appellant argues that his criminal record should not be used to disqualify him from pretrial diversion. First, the charge for theft under $500, which occurred on the same day as the charge in the instant case, stemmed from a video. The appellant paid off the video, and the charges were dropped. Second, because he forfeited a cash bond, the appellant argues that charges of public intoxication, disorderly conduct, and public profanity on June 11, 1994 do not disqualify him from pretrial diversion. Therefore, the appellant maintains that his criminal record is minimal and should not preclude him from pretrial diversion.

-3-

Lastly, the appellant argues that he "presented credible evidence as to his reputation and that evidence was not refuted." He presented two letters from churches, an employer letter, and a letter from his mother, which indicate that he has a good reputation in the community. Pastor Ronald Seals[1], who had written one of the letters for the appellant, testified at the hearing. Also, in his written denial, the district attorney states, "[t]here is no evidence of the defendant's social history prior to his criminal conduct in this case." The appellant argues that his mother, Barbara Holmes, in her letter describes the appellant's years from birth to college. Furthermore, the appellant asserts that the district attorney abused his discretion by referring to and considering matters outside the record. Specifically, the district attorney repeatedly referred to the appellant as "Little Mike" and stated that "Little Mike" was known as a drug dealer to police officers because he rode his bicycle and sold cocaine. The appellant maintains that none of these allegations was in any of the discovery materials given to the appellant and none was even mentioned before the denial of the request for pretrial diversion.[2] Therefore, the appellant contends that "the District Attorney abused his discretion by not reading and carefully considering the statements made by the defendant's mother," and by not providing any evidence to refute the appellant's proof regarding his reputation in the community. The appellant also disputes the trial court's characterization of his criminal record as "some pretty horrible conduct," arguing that there is no proof in the record to support such a characterization.

The state argues that the trial court did not err in concluding that the district attorney general did not abuse his discretion. On the issue of the

_____

[1] The transcript spells the name Seals, but the letter in the technical record spells the name Sills. We will use the spelling in the hearing transcript.

[2] The district attorney's written denial of pretrial diversion states: "The Defendant's reputation with the Morristown Police Department's Narcotics Unit is that of a drug dealer, known as "Little Mike."

circumstances of the offense, the state asserts that the "conversation between the defendant and the undercover agent clearly indicated that the defendant was rather knowledgeable in the trade and intended to conduct additional drug sales in the future." The state contends that the circumstances surrounding the offense indicate "a sustained intent to violate the law" and not a "one-time incident" as the appellant maintains.

Next, the state asserts that the appellant's prior criminal offenses were properly relied upon in denying diversion. It argues that the appellant's failure to appear on one charge "reflects poorly on the defendant's rehabilitative qualities." Thus, the state maintains that the district attorney did not abuse his discretion.

The state cites the appellant's reputation among law enforcement officers as "Little Mike," a bicycle-riding cocaine dealer, as another reason for denying pretrial diversion. In its brief, the state contends that "the prosecution had, at the time of its initial consideration, an affidavit from a Drug Task Force official stating this defendant's reputation."

The decision to grant pretrial diversion rests within the discretion of the district attorney general.[3] Pace v. State, 566 S.W.2d 861, 864 (Tenn. 1978). When deciding whether to grant an application for pretrial diversion, the district attorney general should consider the following factors: circumstances of the offense; the criminal record, social history, and present condition of the defendant, including his mental and physical conditions where appropriate; the deterrent effect of punishment upon other criminal activity; the defendant's amenability to correction; the likelihood that pretrial diversion will serve the ends of justice and the best interests of both the public and the defendant; and the applicant's attitude, behavior since arrest, prior record, home environment,

---

[3]Neither side disputes the appellant's eligibility for pretrial diversion.

-5-

current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility, and attitude toward law enforcement. State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983).

The district attorney general's decision regarding pretrial diversion is presumptively correct, and the trial court will only reverse the decision when the appellant establishes that there has been a patent or gross abuse of prosecutorial discretion. State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995). To establish abuse of discretion, "'the record must show an absence of any substantial evidence to support the district attorney general's refusal to grant pretrial diversion." Id. The trial court may only consider evidence considered by the district attorney general in the decision denying pretrial diversion. State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993).

The findings of the trial court are binding on this Court unless the evidence preponderates against such findings. Houston, 900 S.W.2d at 715. We review the case to determine if the evidence preponderates against the finding of the trial judge who holds that the district attorney general has or has not abused his discretion, not to determine if the trial judge has abused his or her discretion. State v. Watkins, 607 S.W.2d 486, 489 (Tenn. Crim. App. 1980).

First, we are troubled by the filing of the affidavit of Mike Long and the transcript of the drug transaction between the appellant and the undercover agent. As the appellant notes in his brief, the affidavit of Mike Long of the Third Judicial District's Drug Task Force was filed on March 21, 1997, which was two days after the certiorari hearing on March 19, 1997; and it was filed without a certificate of service, which the appellant argues is a violation of Rule 49(a) of the Tennessee Rules of Criminal Procedure. Also, the transcript of the drug

transaction between the appellant and the undercover agent was not filed until July 11, 1997, some four months after the hearing, although the district attorney and appellant's counsel referred to the transcript during the hearing. We are troubled that when the transcript was filed, it was not signed as being received by anyone in the clerk's office. Also, the transcript, which was included as an exhibit, was attached with the transcript of the certiorari hearing, and was authenticated by the trial judge on June 16, 1997, although it was not filed until July 11, 1997. We also note that appellant's counsel asked at the close of the certiorari hearing to file as an exhibit a copy of the discoverable material. However, the record does not contain such material as a second exhibit. We note the timing of the filings and their inadequacies, as well as the failure to file materials, to emphasize the importance of maintaining a correct and complete record and of following procedural rules. We have only the record upon which to base our decision, so the importance of maintaining an accurate record cannot be overstated.

Although we find the instant record troubling, we do have enough information upon which to adjudicate this appeal. Appellant argues that he is not a drug dealer, and this sale was an isolated incident. The conversation between the appellant and his buyer indicates trade knowledge and appellant's willingness to sell drugs again in the future. The trial court found in his order that the appellant's actions "were not a casual flirtation with criminal conduct. . . ." The appellant's "apparent repetitive drug dealing [is] strongly indicative, even conclusive -- that the defendant is not amenable to correction." We agree that it appears the appellant knew what he was doing and was ready and willing to do it again.

Despite the appellant's counsel's persuasive arguments about the prosecution's method of handling this case, we are cognizant of the other side of

the coin. A district attorney general cannot personally know everything about every crime and defendant when a diversion request is filed. He or she must rely on the collective knowledge of law enforcement, including hearsay; investigative reports; witness statements; memoranda; and staff. Reliance on hearsay is proper and reasonable. The prosecutor should know all he or she can when the diversion decision is made. They should follow the guidance of State v. Pinkham, 955 S.W.2d 956 (Tenn. 1997) so that factual disputes are minimal.

The trial judge should confine consideration to the evidence considered by the prosecutor at the time he or she considered the application. State v. Brown, 700 S.W.2d 568, 570 (Tenn. Crim. App. 1985). The appellant argues that the trial judge considered evidence not available to the district attorney at the time of the decision in making his determination that there was no abuse of discretion. Appellant cites the drug transaction transcript; Mike Long's affidavit; the appellant's reputation; the Department of Correction Specific Data Report; and other information. This may be true, but this Court must apply reason to see if the prosecutor did his job.

We conclude that some information not available to the district attorney at the time of his decision was introduced during the certiorari hearing. This Court delineated in State v. Winsett, 882 S.W.2d 806, 809-10 (Tenn. Crim. App. 1993) the requirements for an application for pretrial diversion, a written denial of diversion, and the procedure for conducting a certiorari review hearing. We concluded in Winsett "that the only evidence the trial court may consider at the certiorari hearing is that evidence considered by the prosecutor in the decision denying pretrial diversion." Id. at 810.

This case is very close. We could remand for a new hearing consistent with Winsett. However, we believe the answer would be the same. Although the

certiorari hearing contained evidence that went beyond <u>Winsett</u>, we believe that General Bell did have enough information, although he could have had much more, to warrant a diversion denial. The appellant apparently had prior drug dealing experience and was willing to continue. He had a reputation as a drug dealer. He had prior criminal behavior and a modest record. These were enough factors to allow General Bell to make a cognizant decision.

The record does not preponderate against the trial court's findings. The judgment is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
CORNELIA A. CLARK, Special Judge