# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JUNE 1997 SESSION



**FILED**

**October 7, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9612-CR-00480 |
| | ) | |
| vs. | ) | Hamilton County |
| | ) | |
| **THEODORE FOSTER,** | ) | Honorable Stephen M. Bevil, Judge |
| | ) | |
| Appellant. | ) | (Denial of Pre-Trial Diversion) |
| | ) | |

FOR THE APPELLANT:

MARTIN J. LEVITT
Attorney at Law
312 Vine St.
Chattanooga, TN 37403

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM H. COX
District Attorney General

BATES BRYAN, JR.
Asst. District Attorney General
600 Market St., Ste. 310
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

## OPINION

The defendant, Theodore Foster, is aggrieved of the Hamilton County District attorney's denial of his application for pretrial diversion and the Hamilton County Criminal Court's denial of his petition seeking reversal of that determination. Foster is under indictment for vehicular homicide, a Class C felony. In this interlocutory appeal, Foster contends the District Attorney's office acted arbitrarily in denying his application for diversion. After a thorough review of the record, we affirm.

The record reveals that on April 14, 1995, Theodore Foster was involved in a vehicular accident in which he is alleged to have injured several individuals, one fatally. According to a traffic accident report in the technical record, the defendant was traveling at a high rate of speed in downtown Chattanooga and hit a car stopped at a traffic light, then went on to hit another vehicle. There was no evidence the defendant was intoxicated or otherwise under the influence. However, following the incident, psychiatric professionals employed by the state and the defense concurred that an insanity defense was appropriate.

At the time of the incident, the defendant was a 29 year old student at UT Chattanooga who had no past criminal convictions. Historically, he received in-patient psychiatric care in September 1994 for acute Paranoid Schizophrenic reaction and Major Depression with Psychosis. At first, he was maintained on medication, although his symptoms later went into remission, and by the time of the incident upon which the indictment is based he had been weaned off the medication by his psychiatrist. According to the defendant's psychiatric records, he was given medication to take in the event he had symptoms of a recurrence. The record reflects the defendant has no memory of the incident under indictment, and thus we are without knowledge whether the defendant had any advance warning he was becoming psychotic, as he alleges in his insanity defense.

The defendant applied for and was denied pre-trial diversion. In support of his application, the defendant submitted psychiatric records consisting of notes from his 1994 inpatient admission and an April 24, 1995 "Psychiatry Consult" by Jon Cohen, M.D. In Dr. Cohen's notes, he posits, "[It is] difficult to say how much underlying schizophrenia may be [a] current factor in [the defendant's] behavior, or perhaps even contributed to [the incident]." Doctor Cohen also observed the defendant suffered at that time from delirium and that physical restraints were appropriate for the defendant's own safety. At the time of the diversion application, the results of the two mental evaluations had been filed with the court.[1]

In his letter denying diversion, the assistant district attorney based the denial on (1) the need not to depreciate the seriousness of the offense and provide effective deterrence to others in light of the death of one of the victims, (2) the need to protect the public from "any future mental problems the [d]efendant may have behind the wheel of a car," and (3) the lack of suitability of the mechanism of diversion to determine and provide for the mental health needs of the defendant and the protection of the public. The assistant district attorney went on to express his reservations about his ability to fashion an appropriate mental health program to address the defendant's needs and provide "appropriate remedies" in the event public safety became an issue.

At the hearing on the defendant's petition for writ of certiorari, the parties stipulated the defendant's driver's license had been revoked by the

---

[1]Although the better practice would have been for these documents to have been included as exhibits to the defendant's application for diversion, we have considered them based upon the assistant district attorney's recitation of their contents in his denial letter. It is obvious from the assistant district attorney's letter that he considered the mental evaluations in reaching the determination we are called upon to scrutinize in this appeal.

Department of Safety and later reinstated, the defendant had graduated from college, and the defendant had obtained employment with an insurance company. The defendant offered a letter from Dr. William C. Greer dated two months after the district attorney's letter denying diversion, which generally asserted the defendant was receiving psychiatric treatment, was on medication, and was able to drive. The doctor conceded there was no way to predict whether the defendant would have another psychotic episode while behind the wheel of a car, although he believed this could happen to any member of the public, as well. After considering the record before it, the trial court concluded the district attorney's office had not abused its discretion in denying pretrial diversion.

The decision of whether to grant pre-trial diversion rests within the discretion of the district attorney general. Tenn. Code Ann. § 40-15-105(b)(3) (Supp. 1996); see also State v. Hammersley, 650 S.W.2d 352, 353 (Tenn. 1983); State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App.), perm. app. denied (Tenn. 1995); State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). When deciding whether to grant an application for pre-trial diversion, the district attorney general should consider the circumstances of the offense; the criminal record, social history, and present condition of the defendant, including his mental and physical conditions where appropriate; the deterrent effect of punishment upon other criminal activity; the defendant's amenability to correction; the likelihood that pre-trial diversion will serve the ends of justice and the best interests of both the public and the defendant; and the applicant's attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility, and attitude of law enforcement. State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (citations omitted); see Houston, 900 S.W.2d at 714. In appropriate cases, the nature and circumstances of the offense and the need for deterrence may outweigh all other relevant factors

3

and justify a denial of pre-trial diversion. Carr, 861 S.W.2d at 855. Indeed, the nature and circumstances of the offense may alone support the denial of pre-trial diversion. State v. Sutton, 668 S.W.2d 678, 680 (Tenn. Crim. App. 1984).

If the district attorney denies pretrial diversion, a defendant may file a writ of certiorari to the trial court. Tenn. Code Ann. § 40-15-105 (b)(3) (Supp. 1996). In that first-tier appeal, the defendant has the burden of proving the district attorney grossly abused his discretion in denying diversion. Tenn. Code Ann. § 40-15-105(b)(3) (Supp. 1996); State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App. 1980). "The record must [also] show an absence of any substantial evidence to support the refusal of the District Attorney General to [grant pretrial diversion]." Watkins, 607 S.W.2d at 488; see Houston, 900 S.W.2d at 714. When reviewing the district attorney's denial, "the trial judge [has] to [not only] confine his consideration to the evidence considered by the District Attorney General at the time he considered the application, but . . . he must also confine his review to the reason or reasons given by the District Attorney General at that time. Fairness demands that the defendant know what allegations he must meet when he comes before the trial judge on his application." State v. Brown, 700 S.W.2d 568, 570 (Tenn. Crim. App. 1985). If the trial court upholds the district attorney's denial of diversion, the defendant may seek permission to appeal to this court. See Tenn. R. App. P. 9. In reviewing the matter, this court may not substitute its own judgment for that of the district attorney. Houston, 900 S.W.2d at 714. The standard of review for this court is "whether the finding of the trial court that the district attorney general did not abuse his discretion in denying [the] application of pretrial diversion is supported by a preponderance of the evidence." State v. Winsett, 882 S.W.2d 806, 809 (Tenn. Crim. App. 1993).

In this case, the defendant does not allege that the district attorney's

4

office failed to consider all of the appropriate factors; rather, he alleges the district attorney's office reached the wrong conclusion on the facts of the case. The defendant's application for pretrial diversion consisted of his own statements in the application, records of previous psychiatric treatment, and some of the records from his psychiatric treatment following the incident under indictment. Based on the information in the application and its exhibits, the assistant district attorney found three factors outweighed the others. The three were (1) the defendant's mental condition, (2) the deterrent effect of punishment upon other criminal activity, and (3) the likelihood that pre-trial diversion would not serve the ends of justice and the best interests of both the public and the defendant. See Washington, 866 S.W.2d at 951. Any one of these factors is a permissible ground upon which denial may rest. See State v. Thomas Dailey, No. 02C01-CR-00008, slip op. at 4 (Tenn. Crim. App., Jackson, Aug. 21, 1991) (stating this rule in the context of judicial diversion) (citation omitted).

Based on the record before us, we cannot say the evidence preponderates against the lower court's finding that the district attorney's office acted within its discretion in denying pretrial diversion to the defendant. We believe the concerns expressed by the assistant district attorney regarding the defendant's mental condition and the likelihood that pretrial diversion would not serve the ends of justice and best interests of the public and the defendant are not assuaged by the application and its exhibits or the mental evaluation reports. The only document considered by the district attorney's office which discusses the defendant's on-going psychiatric condition relates, "During his visits since the accident he has reported occasions when he feels bombarded by thoughts and easily distracted and disturbed by noises. He has recognized this as a precursor to developing more serious symptoms and has started to use Haldol at these times." The defendant's application as submitted to the district attorney's office contained no evidence

5

lending any meaningful support to the defendant's contention his psychiatric condition no longer poses a threat to the public.[2] Likewise, the defendant places great weight on the Department of Safety's reinstatement of his driver's license; although he presented no evidence to the district attorney of the basis for that reinstatement.[3] In seeking pretrial diversion, the defendant bears the burden of providing the district attorney's office with sufficient information from which a reasoned decision regarding the grant or denial of diversion may be made. State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989). The district attorney's office acted within its discretion in denying pretrial diversion based upon the facts submitted by the defendant.

In reaching our conclusion, we feel compelled to point out that we have not considered some of the additional evidence the defendant attempted to present at the hearing on the petition for writ of certiorari. This evidence consists of opinions stated in a letter from Dr. Greer written after the assistant district attorney's denial letter, in which the doctor attempts to rebut the conclusions drawn in the denial letter regarding the threat of the defendant to public safety. Technically, this letter was not properly before the lower court in the petition for writ

_____

[2]Although there are some additional psychiatric records in the technical record which might be construed somewhat more favorably to the defendant, these records were not included with the application submitted to the district attorney's office. Where, as here, the defendant seeks to blame allegedly culpable conduct on legal insanity, he should be prepared to demonstrate in an application for pretrial diversion that his alleged disability has either been removed or does not pose any further threat to the public. See State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989) (burden of proof on defendant to provide prosecution with sufficient information to support grant of denial of pretrial diversion).

[3]In his brief, the defendant argues the Department of Safety had the discretion to decline to reinstate the defendant's driver's license based on mental disability but did not do so. After reviewing the documents the defendant provided the district attorney, we find no evidence the Department of Safety was even aware of the defendant's alleged mental disability or that it considered the issue on its merits.

of certiorari, although in this case the assistant district attorney agreed to stipulate to the factual statements in the letter, which dealt with the defendant's compliance with psychiatric care and medicinal maintenance. The assistant district attorney declined to stipulate to the conclusions drawn by the doctor. We have not considered the latter. In general, certiorari by its very nature requires the court to review the earlier proceeding for any irregularities. Winsett, 882 S.W.2d at 809 (citing Black's Law Dictionary, 288 (6th ed. 1990)). Thus, the trial court's inquiry is properly limited to that information which was offered to the district attorney's office at the time of the application for diversion. However, in this case the few additional facts stipulated into the record do not change the result. As a general principle, we discourage trial courts from allowing defendants a forum for attempting to relitigate the issue of the propriety of pretrial diversion itself based upon evidence the defendant failed to present to the prosecutor.

Finding no reversible error below, we affirm the trial court's denial of the defendant's petition for writ of certiorari and remand the matter for further proceedings.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
JOSEPH M. TIPTON, JUDGE